**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| LARRY GOLDEN, | § | |
| | § | |
| Plaintiff, | § | Case No. 6:25-cv-00434-LS |
| | § | |
| v. | § | |
| | § | |
| GOOGLE LLC | § | |
| | § | |
| Defendant. | § | |

**<u>DEFENDANT GOOGLE LLC'S MOTION TO DISMISS</u>**

## <u>**TABLE OF CONTENTS**</u>

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

A.     The Asserted Patents and Plaintiff's Litigation Campaign . . . . . . . . . . . . . . . . . . . . . . . . . . 1

B.     Mr. Golden's Previous Litigation Against Google . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

C.     Mr. Golden's Current Litigation Against Google . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

I.      The Court Should Dismiss Counts I and II of Plaintiff's Complaint . . . . . . . . . . . . . . . . 4

      A.     Res Judicata Bars Counts I and II . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

      B.     The *Kessler* Doctrine Bars Counts I and II . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

      C.     Counts I and II Fail to State a Claim of Joint Infringement . . . . . . . . . . . . . . . . . . 8

II.     The Court Should Dismiss Counts III through VI of Plaintiff's Complaint . . . . . . . . . . 11

      A.     Counts IV Through VI Admit That Google Does Not Infringe . . . . . . . . . . . . . 11

      B.     Counts III Admits That Google Does Not Infringe . . . . . . . . . . . . . . . . . . . . . . . . 12

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12

## TABLE OF AUTHORITIES

*Cases*                                                      *Page*

*Acumed LLC v. Stryker Corp.,*
    525 F.3d 1319 (Fed. Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*Akamai Techs., Inc. v. Limelight Networks, Inc.,*
    797 F.3d 1020 (Fed. Cir. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*Anderson v. 21st Mortg. Corp.,*
    No. 15-200, 2016 WL 11582928 (W.D. Tex. Sept. 26, 2016) . . . . . . . . . . . . . . . . . . . . . 10

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Askan v. FARO Techs., Inc.,*
    No. 22-2117, 2023 WL 4101351 (Fed. Cir. June 21, 2023) . . . . . . . . . . . . . . . . . . . . . 7, 8

*Avila v. Ocwen Loan Servicing, LLC,*
    No. 14-460, 2014 WL 12580450 (W.D. Tex. June 6, 2014) . . . . . . . . . . . . . . . . . . . . . . 5

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Brain Life, LLC v. Elekta Inc.,*
    746 F.3d 1045 (Fed. Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Brown v. Felsen,*
    442 U.S. 127 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Centillion Data Sys. LLC v. Qwest Commc'ns Int'l Inc.,*
    631 F.3d 1279 (Fed. Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*Duffie v. United States,*
    600 F.3d 362 (5th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*Golden v. Google LLC,*
    No. 22-5246, 2023 WL 5154513 (N.D. Cal. Aug. 10, 2023) . . . . . . . . . . . . . . . . . . . . 2, 12

*Golden v. Google LLC,*
    No. 22-5246, 2024 WL 1880336 (N.D. Cal. Apr. 3, 2024) . . . . . . . . . . . . . . . . . . . . 2, 5, 7

*Golden v. Google LLC,*
    No. 24-2024, 2025 WL 1752485 (Fed. Cir. June 25, 2025) . . . . . . . . . . . . . . . . . . . 2, 3, 10

# TABLE OF AUTHORITIES

*(continued)*

*Page*

*Golden v. Samsung Elecs. Am., Inc.,*
    2023 WL 3919466 (N.D. Cal. June 8, 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Golden v. United States,*
    171 Fed. Cl. 33 (2024) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Golden v. United States,*
    No. 24-2256, 2025 WL 900873 (Fed. Cir. Mar. 24, 2025) . . . . . . . . . . . . . . . . . . . . 6, 7

*Hall v. Hodgkins,*
    305 Fed. App'x 224 (5th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Hemphill v. Johnson & Johnson,*
    550 F. App'x 890 (Fed. Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

*Herrmann v. Bridger,*
    No. 24-545, 2024 WL 4849079 (W.D. Tex. Nov. 20, 2024) . . . . . . . . . . . . . . . . . . . . 4, 5

*Kessler v. Eldred,*
    206 U.S. 285 (1907) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.,*
    590 U.S. 405 (2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Lyda v. CBS Corp.,*
    838 F.3d 1331 (Fed. Cir. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*Mars Inc. v. Nippon Conlux Kabushiki-Kaisha,*
    58 F.3d 616 (Fed. Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Matter of Vitro Asset Corp.,*
    656 F. App'x 717 (5th Cir. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Nazomi Commc'ns, Inc. v. Nokia Corp.,*
    739 F.3d 1339 (Fed. Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Nystrom v. Trex Co.,*
    580 F.3d 1281 (Fed. Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*In re PersonalWeb Techs. LLC,*
    961 F.3d 1365 (Fed. Cir. 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7

**TABLE OF AUTHORITIES**

*(continued)*

*Page*

*Red Rock Analytics, LLC v. Apple Inc.*,
    No. 21-346, 2021 WL 5828368 (W.D. Tex. Dec. 8, 2021) . . . . . . . . . . . . . . . . . . . . . . .7, 8

*RFC Lenders of Texas, LLC v. Smart Chem. Sols., LLC*,
    743 F. Supp. 3d 911 (W.D. Tex. 2024) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Seven Networks, LLC v. Motorola Mobility LLC*,
    No. 21-1036, 2022 WL 426589 (N.D. Tex. Feb. 10, 2022) . . . . . . . . . . . . . . . . . . . . . . . 7

*In re Southmark Corp.*,
    163 F.3d 925 (5th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

*SimpleAir, Inc. v. Google LLC*
    884 F.3d 1160 (Fed. Cir. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

*Standard Oil Co. v. Nippon Shokubai Kagaku Kogyo Co., Ltd.*,
    754 F.2d 345 (Fed. Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

*Wade v. Household Fin. Corp*,
    No. 17-148, 2017 WL 2533535 (W.D. Tex. June 8, 2017) . . . . . . . . . . . . . . . . . . . . . . . .5

*Wicker v. Seterus, Inc.*,
    No. 15-331, 2016 WL 2622017 (W.D. Tex. May 5, 2016) . . . . . . . . . . . . . . . . . . . . . . .4

*Windmann v. Sun Life Assurance Co. of Canada*,
    No. 16-61, 2016 WL 11591768 (W.D. Tex. Dec. 15, 2016) . . . . . . . . . . . . . . . . . . . .10, 11

*Wis. Alumni Rsch. Found. v. Apple Inc.*,
    112 F.4th 1364 (Fed. Cir. 2024) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Xiaohua Huang v. Huawei Techs. Co.*,
    787 F. App'x 723 (Fed. Cir. 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 6

*Statutes*

35 U.S.C. § 286 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

28 U.S.C. § 1338(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

# TABLE OF AUTHORITIES

*(continued)*

*Page*

*Other Authorities*

18 Wright et al., *Federal Practice and Procedure* § 4407 (3d ed. 2016) . . . . . . . . . . . . . . . . . . . . 6

*Golden v. Google LLC*,
     No. 22-5246, Docket No. 1 (N.D. Cal. Sept. 14, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5

*Golden v. Google LLC*,
     No. 22-5246, Docket No. 11 (N.D. Cal. Oct. 26, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Golden v. Google LLC*,
     No. 22-5246, Docket No. 42 (N.D. Cal. Aug. 23, 2023) . . . . . . . . . . . . . . . . . . . . . . 2, 5, 8

*Golden v. Google LLC*,
     No. 22-5246, Docket No. 44 (N.D. Cal. Sept. 7, 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Golden v. Google LLC*,
     No. 22-5246, Docket No. 76 (N.D. Cal. Sept. 9, 2023) . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Golden v. Google LLC*,
     No. 24-2024, Docket No. 44 (Fed. Cir. Sept. 2, 2025) . . . . . . . . . . . . . . . . . . . . . . . . . 3

Restatement (Second) of Torts § 491 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## INTRODUCTION

Plaintiff Larry Golden sued Google in the Northern District of California, and lost.  Mr.

Golden now brings the same claims against Google in a new court—this Court.  But in any court,

Mr. Golden cannot avoid res judicata and the *Kessler* doctrine, which bar him from relitigating

the claims he has already lost.  Mr. Golden also brings claims against self-driving cars belonging

to Waymo.  But the complaint admits that Waymo is a different company from defendant Google

and has been since 2016, well before any period of possible damages from this action.  Mr.

Golden does not provide any indication why Google should be responsible for the actions of

Waymo.  None exists.  The Court should dismiss this action.

## BACKGROUND

### A.    The Asserted Patents and Plaintiff's Litigation Campaign

Plaintiff Larry Golden holds twelve patents including the five he asserts in this action,

U.S. Patent Nos. 8,334,761, 10,163,287, 10,984,619, 11,645,898, and RE43,891.  Since 2013,

Mr. Golden has asserted his portfolio in an unsuccessful litigation campaign, filing thirteen

complaints claiming infringement of eleven patents against the United States of America as well

as Apple, Google, Intel, Qualcomm, and Samsung.[1]  None of Mr. Golden's claims have made it

past the pleading stage.  *See* note 1.  Mr. Golden's patents generally concern anti-terrorism; the

patents-in-suit address "anti-terrorist detection and prevention systems," specifically, "a

---

[1] *Golden v. United States*, No. 13-307 (Fed. Cl. May 1, 2013); *Golden v. United States*, No. 19-104 (Fed. Cl. Jan. 17, 2019); *Golden v. Apple, Inc.*, No. 19-2557 (D.S.C. Sept. 11, 2019); *Golden v. Apple, Inc.*, No. 20-2270 (D.S.C. June 16, 2020); *Golden v. Apple, Inc.*, No. 20-4353 (D.S.C. Jan. 5, 2021); *Golden v. Google LLC*, No. 21-244 (D.S.C. Jan. 26, 2021); *Golden v. Qualcomm Inc.*, No. 22-3283 (N.D. Cal. June 6, 2022); *Golden v. Intel Corp.*, No. 22-3828 (N.D. Cal. June 28, 2022); *Golden v. Apple, Inc.*, No. 22-4152 (N.D. Cal. July 15, 2022); *Golden v. Google LLC*, No. 22-5246 (N.D. Cal. Sept. 14, 2022); *Golden v. Samsung Elecs. Am., Inc.*, No. 23-48 (N.D. Cal. Jan. 5, 2023); *Golden v. United States*, No. 23-185 (Fed. Cl. Feb. 7, 2023); *Golden v. United States*, No. 23-811 (Fed. Cl. May 31, 2023).

chemical/biological/radiological detector unit with a disabling locking system for protecting

products that can be grouped into several product groupings, from terrorist activity, and also for

preventing unauthorized access to and tampering with the storage and transport of ordnance and

weapons." '287 patent at 1:57-63, 3:35-41; '761 patent at 1:19-24, 2:62 to 3:1; '619 patent at

1:52-57, 3:30-35; '898 patent at 1:56-61, 3:36-41; RE'891 patent at 1:39-44, 3:17-22.

**B.      Mr. Golden's Previous Litigation Against Google**

In 2022, Mr. Golden filed suit against Google in the Northern District of California,

claiming infringement of three patents on "anti-terrorist detection and prevention systems,"

including the '287 patent at issue here.  *Golden v. Google LLC*, No. 22-5246, Docket No. 1 at 2

(N.D. Cal. Sept. 14, 2022).  Google moved to dismiss, arguing that the complaint did not allege

that Google's "devices themselves infringe," but claimed only that its "devices could infringe his

patents if a user added another application, 'ATAK,' made not by Google, but by the U.S.

military."  *Id*., Docket No. 11 at 5:6-8.  The Court granted Google's motion with leave to amend,

holding "[t]hat a device is capable of being modified to operate in an infringing manner is not

sufficient, by itself, to support a finding of infringement."  *Golden v. Google LLC*, No. 22-5246,

2023 WL 5154513, at *1, *3 (N.D. Cal. Aug. 10, 2023).

Mr. Golden amended his complaint, providing additional allegations and adding a new

patent, the '619 patent at issue here.  *Id*., Docket No. 42 at 2-3.  Google filed a second motion to

dismiss (*id*., Docket No. 44), which the Court granted without leave to amend.  *Id*., 2024 WL

1880336, at *4-5 (N.D. Cal. Apr. 3, 2024).  Mr. Golden appealed.  *Golden v. Google LLC*, No.

24-2024, 2025 WL 1752485 (Fed. Cir. June 25, 2025).  The Federal Circuit affirmed, finding no

infringement because "Mr. Golden's infringement allegations require modification of the accused

products to show infringement," and finding that "the district court did not err in finding that Mr.

Golden fails to adequately allege joint infringement." *Id*. at *3. Mr. Golden filed petitions for rehearing and rehearing *en banc*, which the Court denied. *Golden v. Google LLC*, No. 24-2024, Docket No. 44 (Fed. Cir. Sept. 2, 2025). On September 9, the Court of Appeals issued its mandate affirming the Northern District of California's complete dismissal of Mr. Golden's previous complaint. *Golden v. Google*, No. 22-5246, Docket No. 76 (N.D. Cal. Sept. 9, 2025).

## C.     Mr. Golden's Current Litigation Against Google

Nine days after the Federal Circuit issued its mandate in the previous action, Mr. Golden filed this action. Compl. Although his complaint acknowledges his previous losses in the Northern District of California and the Federal Circuit, *e.g.*, Compl. at 15, 16, 17, and although he previously asserted two of the pending five patents against Google in those cases, *see id.*, Mr. Golden filed this action here, rather than in the Northern District of California. *See id.*

In his complaint, Mr. Golden admits his losses in the previous action, but does not admit the effect of those losses. Instead, he claims that his previous losses enable, rather than preclude, his current claims. Mr. Golden alleges that, when the previous courts found no infringement because his "allegations require[d] modification of the accused products to show infringement" and that he "fail[ed] to adequately allege joint infringement," *Golden v. Google*, 2025 WL 1752485, at *3, what they actually meant was that "'joint infringement' is established when Google was found to have controlled the 'manner or timing' of the third-party's modification or performance," and that "infringement occurs when a mobile, consumer, or cellular device is integrated with, or interconnected to, a CBRNE-H detection capability," Mr. Golden's term for functionality he claims his patents cover. Compl. at 9. As a result, Mr. Golden alleges, "Google has inadvertently litigated itself into a situation of greater liability." *Id.* at 18. Mr. Golden claims that "Google's potential liability" includes "all the Actors in Google's Android Ecosystem

performing a required step." *Id.* Thus Mr. Golden now alleges that his claims, which the

Northern District dismissed because they required modification of Google's accused devices,

should proceed in this Court *because* they require modification of Google's accused devices.

## ARGUMENT

### I.    The Court Should Dismiss Counts I and II of Plaintiff's Complaint

#### A.    Res Judicata Bars Counts I and II

"Res judicata 'bars the litigation of claims that either have been litigated or should have

been raised in an earlier suit.'" *Matter of Vitro Asset Corp.*, 656 F. App'x 717, 723 (5th Cir.

2016) (quoting *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir. 1999)).  "The test for claim

preclusion has four elements:  (1) the parties in the subsequent action are identical to, or in

privity with, the parties in the prior action; (2) the judgment in the prior case was rendered by a

court of competent jurisdiction; (3) there has been a final judgment on the merits; and (4) the

same claim or cause of action is involved in both suits." *Duffie v. United States*, 600 F.3d 362,

372 (5th Cir. 2010).  "Claim preclusion in a patent case typically exists when a patentee attempts

to assert the same patent against the same party and the same subject matter.  Subject matter is

the same for claim preclusion purposes if the earlier accused devices and the devices accused in

the current action are 'essentially the same.'" *Xiaohua Huang v. Huawei Techs. Co.*, 787 F.

App'x 723, 726 (Fed. Cir. 2019) (citation omitted).  "[D]ismissal under Rule 12(b)(6) is proper if

the elements of res judicata are apparent 'based on the facts pleaded and judicially noticed,'" and

this Court can resolve "the issue of res judicata by relying only on the facts pleaded in Plaintiff's

Complaint and the judicially noticed record in the prior lawsuits." *Wicker v. Seterus, Inc.*, No.

15-331, 2016 WL 2622017, at *4 (W.D. Tex. May 5, 2016) (quoting *Hall v. Hodgkins*, 305 F.

App'x 224, 227-28 (5th Cir. 2008)); *see also, e.g.*, *Herrmann v. Bridger*, No. 24-545, 2024 WL

4849079, at *3-4 (W.D. Tex. Nov. 20, 2024); *Avila v. Ocwen Loan Servicing, LLC*, No. 14-460, 2014 WL 12580450, at *2-3 (W.D. Tex. June 6, 2014).

All four elements are present here. The parties are identical: Mr. Golden and Google. *Compare* Compl. *with Golden v. Google*, No. 22-5246, Docket No. 1 (N.D. Cal. Sept. 14, 2022). The Northern District of California had jurisdiction over the previous case, 28 U.S.C. § 1338(a), and issued a final "[d]ismissal under 12(b)(6)," which "constitutes a final judgment on the merits." *Wade v. Household Fin. Corp.*, No. 17-148, 2017 WL 2533535, at *3 (W.D. Tex. June 8, 2017); *see Golden v. Google*, 2024 WL 1880336. That leaves only the question of whether "the same claim or cause of action is involved in both suits." *Duffie*, 600 F.3d at 372. For Counts I and II claiming infringement of the same '287 and '619 patents Mr. Golden asserted in the Northern District, the answer is yes. Courts evaluate a claim based on "the transactional facts from which it arises" and "the extent of the factual overlap between the two alleged claims at issue." *In re PersonalWeb Techs. LLC*, 961 F.3d 1365, 1375 (Fed. Cir. 2020). "For claim preclusion in a patent case, an accused infringer must show that the accused product or process in the second suit is 'essentially the same' as the accused product or process in the first suit." *Nystrom v. Trex Co.*, 580 F.3d 1281, 1285 (Fed. Cir. 2009). That is so here. In his previous California action, Mr. Golden claimed infringement of these patents by Android devices and Google Tensor chips. *E.g.*, *Golden v. Google*, No. 22-5246, Docket No. 42 at 16-17 ¶¶ 45-50; *id.*, Docket No. 42 Exs. B, C, D. In this action, Mr. Golden claims infringement of these patents by Android devices and Google Tensor chips. *E.g.*, Compl. at 10-18, 24-28. These allegations are the same. Mr. Golden seeks "to prove infringement of the same claim limitations as to the same features of the accused devices," which is "the exact situation that res judicata seeks to prevent." *Nystrom*, 580 F.3d at 1286. "Any alleged difference between the accused products in

each case is therefore unrelated to the limitations in the claim of the patents." *Huang*, 787 F.

App'x at 726 (citing *Acumed LLC v. Stryker Corp.*, 525 F.3d 1319, 1324 (Fed. Cir. 2008)).

The Court can and should dismiss these claims for another reason as well. "[C]laim

preclusion prevents parties from raising issues that could have been raised and decided in a prior

action—even if they were not actually litigated. If a later suit advances the same claim as an

earlier suit between the same parties, the earlier suit's judgment 'prevents litigation of all grounds

for, or defenses to, recovery that were previously available to the parties, regardless of whether

they were asserted or determined in the prior proceeding.'" *Lucky Brand Dungarees, Inc. v.*

*Marcel Fashions Grp., Inc.*, 590 U.S. 405, 412 (2020) (quoting *Brown v. Felsen*, 442 U.S. 127,

131 (1979)). "It is well established that a party may not split a cause of action into separate

grounds of recovery and raise the separate grounds in successive lawsuits; instead, a party must

raise in a single lawsuit all the grounds of recovery arising from a single transaction or series of

transactions that can be brought together." *Mars Inc. v. Nippon Conlux Kabushiki-Kaisha*, 58

F.3d 616, 619 (Fed. Cir. 1995). Although Mr. Golden's current claims appear identical to those

in his previous action, *see supra*, to any extent they are not, they "could have been raised and

decided" in the Northern District action, and res judicata thus bars them. *Lucky Brand*, 590 U.S.

at 412. The Court should not allow Mr. Golden to seek "'a different judgment in the second

action [that] would impair or destroy rights or interests established by the judgment entered in

the first action.'" *Id.* at 413 (citing 18 Wright & Miller, *Federal Practice and Procedure* § 4407

(3d ed. 2016)). The Court should dismiss these claims for this reason as well.

### B.    The *Kessler* Doctrine Bars Counts I and II

"In *Kessler v. Eldred*, the Supreme Court adopted an enlargement of traditional claim and

issue preclusion doctrines to further preserve the utility of previous judgments of

non-infringement by holding that a prior judgment of non-infringement would bar new infringement claims for post-judgment acts, against third parties, and covering very similar accused devices." *Golden v. United States*, 171 Fed. Cl. 33, 37 (2024) (citing *Kessler v. Eldred*, 206 U.S. 285 (1907)), *aff'd*, No. 24-2256, 2025 WL 900873 (Fed. Cir. Mar. 24, 2025). "The purpose of this doctrine is to '[allow] an adjudged non-infringer to avoid repeated harassment for continuing its business as usual post-final judgment in a patent action where circumstances justify that result.'" *Red Rock Analytics, LLC v. Apple Inc.*, No. 21-346, 2021 WL 5828368, at *2 (W.D. Tex. Dec. 8, 2021) (alteration in original) (quoting *In re PersonalWeb Techs. LLC*, 961 F.3d at 1376). "A patent infringement claim is precluded under the *Kessler* doctrine when (1) the defendant is an adjudged non-infringer and (2) 'the earlier judgment held that "essentially the same" accused activity did not infringe the patent.'" *Red Rock*, 2021 WL 5828368, at *2 (quoting *SimpleAir, Inc. v. Google LLC*, 884 F.3d 1160, 1170 (Fed. Cir. 2018)); *see also, e.g.*, *Wis. Alumni Rsch. Found. v. Apple Inc.*, 112 F.4th 1364, 1386 (Fed. Cir. 2024). Courts routinely dismiss under the *Kessler* doctrine at the pleading stage, including twice in cases involving Mr. Golden. *E.g.*, *Golden v. United States*, 171 Fed. Cl. at 37; *Golden v. Samsung Elecs. Am., Inc.*, No. 23-48, 2023 WL 3919466, at *2 (N.D. Cal. June 8, 2023). *See also Seven Networks, LLC v. Motorola Mobility LLC,* No. 21-1036, 2022 WL 426589 (N.D. Tex. Feb. 10, 2022).

Both elements of the *Kessler* doctrine are present here. The Northern District dismissed Mr. Golden's prior action with prejudice, *Golden v. Google*, 2024 WL 1880336, at *4-5, which was a "dismissal with prejudice" that "has a preclusive effect under the *Kessler* doctrine," making Google an adjudged non-infringer. *Askan v. FARO Techs., Inc.*, No. 22-2117, 2023 WL 4101351, at *3 (Fed. Cir. June 21, 2023); *see id.* at *3-4 (collecting cases). And the "earlier judgment" in the Northern District of California "held that 'essentially the same' accused activity did not

infringe" Mr. Golden's patents asserted in this action. *Red Rock*, 2021 WL 5828368, at *2. In

his previous California action, Mr. Golden claimed infringement by Android devices and Google

Tensor chips. *E.g.*, *Golden v. Google*, Case No. 22-5246, Docket No. 42 at 16-17 ¶¶ 45-50; *id.*,

Docket No. 42 Exs. B, C, D. In this action, Mr. Golden claims infringement by Android devices

and Google Tensor chips, which are either the "originally accused products" or "subsequent

versions" of those products with "'no material differences' between the accused products in each

suit"; the *Kessler* doctrine precludes both. *Wis. Alunmi*, 112 F.4th at 1386 (quoting *Brain Life,*

*LLC v. Elekta Inc.*, 746 F.3d 1045, 1058 (Fed. Cir. 2014)); *see Askan*, 2023 WL 4101351, at *5;

*see, e.g.*, Compl. at 10-18, 24-28. The Court should dismiss these claims.

### C.    Counts I and II Fail to State a Claim of Joint Infringement

Should the Court examine Counts I and II without considering res judicata or the *Kessler*

doctrine, it will nevertheless find that they fail to state a claim. A party may move to dismiss a

claim if the complaint has "fail[ed] to state a claim upon which relief can be granted." Fed. R.

Civ. P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *RFC Lenders of*

*Texas, LLC v. Smart Chem. Sols., LLC*, 743 F. Supp. 3d 911, 915-16 (W.D. Tex. 2024) (quoting

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Mr. Golden's do not.

Counts I and II allege joint infringement. *See* Compl. at 24-28. The asserted '619 and

'287 patents include only system claims, and claims of joint infringement can apply only to

method claims. *See* Compl. Exs. D, E; *Lyda v. CBS Corp.*, 838 F.3d 1331, 1339 (Fed. Cir. 2016)

(citing *Centillion Data Sys. LLC v. Qwest Commc'ns Int'l Inc.*, 631 F.3d 1279, 1284 (Fed. Cir.

2011)).  The complaint briefly acknowledges that it seeks to recast system claims as method

claims, *id.* at 17, but does not explain how this recasting would work or how the law allows it.

That is no surprise:  it doesn't work, and the law doesn't allow it.  *E.g., Lyda*, 838 F.3d at 1339.

     Second, even assuming that the patents included method claims, the complaint admits

that it cannot allege joint infringement.  "While a typical claim of direct infringement requires

proof that a defendant performs each step of the claimed method, joint infringement requires

more." *Lyda*, 838 F.3d at 1338.  "To prove joint infringement, where multiple actors are involved

in practicing the claim steps, the patent owner must show that the acts of one party are

attributable to the other such that a single entity is responsible for the infringement.  This court

has held that an entity will be responsible for others' performance of method steps in two

circumstances:  '(1) where that entity directs or controls others' performance, and (2) where the

actors form a joint enterprise.'" *Id.* at 1338-39 (quoting *Akamai Techs., Inc. v. Limelight

Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015)).

     Although the complaint spends many pages discussing joint infringement, *e.g.,* Compl. at

3-19, it does not provide the allegations necessary to support this claim.  To the contrary, the

complaint admits on its face that its allegations cannot suffice to claim joint infringement.  The

complaint states that "Google allegedly directs control of the manner and/or timing of an actor(s)

because it is Google who controls its allegedly infringing Google Tensor Series G1-G5 CPUs

and Google Android Open-Source Operating Systems', release of source codes that describes

and controls the third party's performance [modification] parameters." *Id.* at 12 (brackets in

original); *see also, e.g., id.* at 24 ¶ 1; *id.* at 26 ¶ 12.  In other words, Mr. Golden alleges that

Google makes products, publishes specifications and source code for those products, and by

doing so allows others to build allegedly infringing products.  *See id.*  That is the same argument

Mr. Golden made in his previous litigation—and lost before the Northern District and the Federal Circuit. *See supra* § B. Mr. Golden cannot avoid those rulings by claiming that allowing interoperable products constitutes "direct[ing] or control[ling] others' performance" under *Akamai* and thus supports joint infringement, which would eviscerate the long-standing doctrine that there can be "no infringement when the accused products 'do not infringe without modification—the modification of installing the required software.'" *Golden v. Google*, 2025 WL 1752485, at *3 (quoting *Nazomi Commc'ns, Inc. v. Nokia Corp.*, 739 F.3d 1339, 1346 (Fed. Cir. 2014)). Mr. Golden does not allege anything beyond interoperability, *e.g.*, Compl. at 4-12, nor could he; his allegations cannot suffice and the Court should dismiss them.

Finally, Mr. Golden briefly alleges a "joint enterprise" between Google and "the United States government." Compl. at 24 ¶ 4; 27 ¶ 15. These allegations also fail. To claim a joint enterprise, a plaintiff must allege: "(1) an agreement, express or implied, among the members of the group; (2) a common purpose to be carried out by the group; (3) a community of pecuniary interest in that purpose, among the members; and (4) an equal right to a voice in the direction of the enterprise, which gives an equal right of control." *Akamai*, 797 F.3d at 1023 (citing Restatement (Second) of Torts § 491 cmt. c). To meet these elements, Mr. Golden provides only a portion of an apparent news article stating that Google has participated in a government procurement process which, even assuming its truth, does not plausibly allege any of the facts necessary to make this showing. Compl. at 14. Beyond that, Mr. Golden provides only "conclusory allegations, unwarranted deductions, or legal conclusions," *Anderson v. 21st Mortg. Corp.*, No. 15-200, 2016 WL 11582928, at *2 (W.D. Tex. Sept. 26, 2016), the kind of "formulaic recitation of the elements of a cause of action" that "will not do.'" *Windmann v. Sun Life*

*Assurance Co. of Canada*, No. 16-61, 2016 WL 11591768, at *1 (W.D. Tex. Dec. 15, 2016)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## II.     The Court Should Dismiss Counts III through VI of Plaintiff's Complaint

### A.     Counts IV Through VI Admit That Google Does Not Infringe

Counts IV through VI accuse "Self Drive Vehicles." Compl. at 31-35; *id.* Ex. B.

Although the complaint refers to "Google Self Drive Vehicles" and accuses "Google, LLC," *e.g.,*

*id.* at 31 ¶¶ 35, 37, the complaint admits that any "Self Drive Vehicles" come from Waymo LLC,

a separate company. The complaint notes that "Waymo LLC, formerly known as the Google

Self-Driving Car Project, is an American autonomous driving technology company

headquartered in Mountain View, California. It is a subsidiary of Alphabet Inc., Google's parent

company." *Id.* at 20. The "References" section of the complaint refers to articles confirming that

Waymo and Google are separate companies. *See id.* at 37-39. The complaint notes that "[i]n

December 2016, the project was renamed Waymo and spun out of Google as part of Alphabet,"

and alleges that "Waymo, as of 2025, operates commercial robotaxi services" in various cities.

*Id.* at 20. And Mr. Golden's claim charts supporting these accounts accuse "Google [Waymo]"

of infringement. Compl. Ex. B. at 3, 4, 5, 6, 7, 9, 12, 14 (brackets in original).

The complaint therefore cannot state a claim against Google. Mr. Golden does not claim

that Google itself provides any "Self Drive Vehicles." Compl. at 20; *see supra*. Patent plaintiffs

may not recover "for any infringement committed more than six years prior to the filing of the

complaint," 35 U.S.C. § 286; Mr. Golden brought this case on September 18, 2025, and so any

allegations that Waymo vehicles infringed Mr. Golden's patents prior to the Waymo spinoff "[i]n

December 2016," Compl. at 20, are "properly dismissed by the district court." *Standard Oil Co.*

*v. Nippon Shokubai Kagaku Kogyo Co., Ltd.*, 754 F.2d 345, 348 (Fed. Cir. 1985); *see, e.g.,*

*Hemphill v. Johnson & Johnson*, 550 F. App'x 890 (Fed. Cir. 2014).  The complaint itself confirms that Mr. Golden cannot state a claim against defendant Google on Counts IV through VI, and the Court should therefore dismiss them.

### B.    Count III Admits That Google Does Not Infringe

Count III fails for two reasons.  First, it fails to allege joint infringement for the same reasons as Claims I and II.  *See supra* § I.C.  Second, it fails to allege direct infringement.  In Count III, Mr. Golden asserts the same '898 patent he also asserts in Count VI.  But while Count VI accuses Waymo's "Self Drive Vehicles," *see supra*, Count III accuses Google's Tensor chips, but does so by assuming the existence of other modifications, not from Google, that Mr. Golden admits are required for infringement.  Among other things, Mr. Golden claims that infringement requires an accused "Android digital car key" and "NFC or UWB tech in newer smartphones," which Mr. Golden claims work with "numerous vehicles from various automakers."  Compl. Ex. A at 28.  Mr. Golden does not claim that Google supplies any of these things, *see id.*, but his allegations depend on their addition to the accused "Tensor Processing Units" from Google.  *See id.*  Count III thus makes the same error Mr. Golden made in the previous action.  Alleging "[t]hat a device is capable of being modified to operate in an infringing manner is not sufficient, by itself, to support a finding of infringement."  *Golden v. Google*, 2023 WL 5154513, at *3.  That was so in the previous case, and remains so now.  The Court should dismiss Count III for the same reasons that the Northern District of California dismissed Mr. Golden's prior action.

### <u>CONCLUSION</u>

For the foregoing reasons, Google respectfully requests that the Court dismiss this action.

Date:  December 1, 2025                          Respectfully submitted,

                                                  */s/ Brian C. Banner*
                                                  Brian C. Banner (State Bar No. 24059416)

Valerie Barker (State Bar No. 24087141)
SLAYDEN GRUBERT BEARD PLLC
401 Congress Avenue, Suite 1650
Austin, Texas, 78701
+1 (512) 402-3569
+1 (512) 402-6865 facsimile
bbanner@sgbfirm.com
vbarker@sgbfirm.com

Matthew S. Warren
Erika H. Warren
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-434@cases.warrenlex.com

*Attorneys for Defendant Google LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2025, I served the foregoing Defendant Google

LLC's Motion to Dismiss on the plaintiff by First Class Mail at the following address:

Larry Golden
740 Woodruff Road, No. 1102
Greenville, South Carolina, 29607

by placing it in a sealed envelope with postage paid and placing the envelope in the exclusive

custody of the United States Postal Service.

On the same day, I also sent a courtesy copy of this document by electronic mail to Mr.

Golden at atpg-tech@charter.net.

_____
Kailey Fung