**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| LARRY GOLDEN, | § | |
| | § | |
| Plaintiff, | § | Case No. 6:25-cv-00434-LS |
| | § | |
| v. | § | |
| | § | |
| GOOGLE LLC | § | |
| | § | |
| Defendant. | § | |

## <u>DEFENDANT GOOGLE LLC'S MOTION TO TRANSFER</u>

## <u>TABLE OF CONTENTS</u>

*Page*

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .ii

INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

A.    The Asserted Patents and Plaintiff's Litigation Campaign . . . . . . . . . . . . . . . . . . . . . . . 1

B.    Mr. Golden's Previous Litigation Against Google . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

C.    Mr. Golden's Current Litigation Against Google . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

I.    The Court Should Rule on This Motion to Transfer Before the Motion to Dismiss . . . . . 4

II.   Mr. Golden Could Have Brought This Action in the Northern District of California . . . . 4

III.  The Northern District of California, Which Issued the Rulings Mr. Golden Claims
      Allow This Action, Should Determine Whether Res Judiciata Applies Here . . . . . . . . . . 5

IV.   The Northern District of California is a More Convenient District for This Litigation . . . 7

      A.    The Private Interest Factors Favor Transfer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

            1.    Relative Ease of Access to the Sources of Proof Favors Transfer . . . . . . . 7

            2.    Availability of Compulsory Process Favors Transfer . . . . . . . . . . . . . . . . 8

            3.    Cost of Attendance for Willing Witnesses Favors Transfer . . . . . . . . . . . 9

            4.    Consideration of Other Practical Problems Favors Transfer. . . . . . . . . . . 10

      B.    The Public Interest Factors Favor Transfer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

            1.    Administrative Difficulties Flowing From Court Congestion is Neutral. . 11

            2.    The Northern District Has a Strong Local Interest in this Dispute . . . . . .11

            3.    The Northern District is More Familiar With the Law That Will
                  Govern the Case, Including Its Own Prior Rulings . . . . . . . . . . . . . . . . . .12

            4.    Avoiding Problems of Conflict of Laws Favors Transfer . . . . . . . . . . . . . 13

      C.    The Public and Private Interest Factors Favor Transfer . . . . . . . . . . . . . . . . . . . . 13

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

**<u>TABLE OF AUTHORITIES</u>**

*Cases* Page

*In re Acer Am. Corp.*,
    626 F.3d 1252 (Fed. Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Action Indus., Inc. v. U.S. Fid. & Guar. Co.*,
    358 F.3d 337 (5th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

*Alexander v. Corning Inc.*,
    No. 24-626, Docket No. 39 (W.D. Tex. Sept. 26, 2025) . . . . . . . . . . . . . . . . . . . . . . . .12

*In re Apple, Inc.*,
    581 F. App'x 886 (Fed. Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re Apple Inc.*,
    979 F.3d 1332 (Fed. Cir. 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*In re Apple Inc.*,
    No. 21-181, 2021 WL 5291804 (Fed. Cir. Nov. 15, 2021) . . . . . . . . . . . . . . . . . . .8, 11, 12

*Balawajder v. Scott*,
    160 F.3d 1066 (5th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

*Brotherhood of Locomotive Firemen & Enginemen v. Cent. of Ga. Ry. Co.*,
    411 F.2d 320 (5th Cir. 1969) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

*In re Clarke*,
    94 F.4th 502 (5th Cir. 2024) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 11-13

*Coffey v. Van Dorn Iron Works*,
    796 F.2d 217 (7th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

*Eagle-Picher Indus., Inc. v. Am. Emps. Ins. Co.*,
    557 F. Supp. 225 (D.D.C. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5, 6, 10

*In re Genentech, Inc.*,
    566 F.3d 1338 (Fed. Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9, 11

*Golden v. Google LLC*,
    No. 22-5246, 2023 WL 5154513 (N.D. Cal. Aug. 10, 2023) . . . . . . . . . . . . . . . . . . . . . .2

*Golden v. Google LLC*,
    No. 22-5246, 2024 WL 1880336 (N.D. Cal. Apr. 3, 2024) . . . . . . . . . . . . . . . . . . . . . . . 2

*Golden v. Google LLC*,
    No. 24-2024, 2025 WL 1752485 (Fed. Cir. June 25, 2025) . . . . . . . . . . . . . . . . . . . . . .2, 3

## <u>TABLE OF AUTHORITIES</u>

(*continued*)

*Page*

*Golden v. Google LLC*,
No. 24-2024, Docket No. 44 (Fed. Cir. Sept. 2, 2025) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*In re Google LLC*,
No. 21-170, 2021 WL 4427899 (Fed. Cir. Sept. 27, 2021) . . . . . . . . . . . . . . . . . . . . . 9, 10

*In re Google LLC*,
No. 21-171, 2021 WL 4592280 (Fed. Cir. Oct. 6, 2021) . . . . . . . . . . . . . . . . . . . . . . . . . 12

*HD Silicon Sols. LLC v. Microchip Tech. Inc.*,
No. 20-1092, 2021 WL 4953884 (W.D. Tex. Oct. 25, 2021) . . . . . . . . . . . . . . . . . . . . . . . 9

*In re Hoffmann-La Roche Inc.*,
587 F.3d 1333 (Fed. Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 13

*Interactive Graphic Sols. LLC v. Microsoft Corp.*,
No. 21-462, 2022 WL 1314462 (W.D. Tex. Apr. 20, 2022) . . . . . . . . . . . . . . . . . . . . 11, 12

*In re Link_A_Media Devices Corp.*,
662 F.3d 1221 (Fed. Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*In re Netflix, Inc.*,
No. 22-110, 2022 WL 167470 (Fed. Cir. Jan. 19, 2022) . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*In re Nintendo*,
589 F.3d 1194 (Fed. Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Proven Networks, LLC v. Netapp, Inc.*,
No. 20-369, 2021 WL 4875404 (W.D. Tex. Oct. 19, 2021) . . . . . . . . . . . . . . . . . . . . . . . . 7

*Regents of the Univ. of Cal. v. Eli Lilly & Co.*,
119 F.3d 1559 (Fed. Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 10

*Reiffin v. Microsoft Corp.*,
104 F. Supp. 2d 48 (D.D.C. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*Relink US LLC v. Tesla, Inc.*,
No. 23-1093, 2025 WL 2123783 (W.D. Tex. Apr. 3, 2025) . . . . . . . . . . . . . . . . . . . . . 7-13

*Schneider v. Sears*,
265 F. Supp. 257 (S.D.N.Y. 1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Seariver Mar. Fin. Holdings, Inc. v. Pena*,
952 F. Supp. 9 (D.D.C. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**TABLE OF AUTHORITIES**

(*continued*)

*Page*

*S. California Ass'n of Gov'ts. v. Kleppe*,
　　413 F. Supp. 563 (D.D.C. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5-7, 12, 13

*Space Expl. Techs., Corp. v. Nat'l Lab. Rels. Bd.*,
　　129 F.4th 906 (5th Cir. 2025) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Storage Tech. Corp. v. Cisco Sys., Inc.*,
　　329 F.3d 823 (Fed. Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Super Interconnect Techs. v. Google LLC*,
　　No. 21-259, 2021 WL 6015465 (W.D. Tex. Nov. 8, 2021) . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*In re TikTok, Inc.*,
　　85 F.4th 352 (5th Cir. 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 10, 12

*In re Toyota Motor Corp.*,
　　747 F.3d 1338, 1340 (Fed. Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*In re TS Tech USA Corp.*,
　　551 F.3d 1315 (Fed. Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Burns*,
　　No. 08-03, 2008 WL 5263743 (N.D.W. Va. Dec. 18, 2008) . . . . . . . . . . . . . . . . . . . . . . . 6

*USTA Tech., LLC v. Google LLC*,
　　No. 22-1214, 2023 WL 4833481 (W.D. Tex. July 26, 2023) . . . . . . . . . . . . . . . . . . . . . . 11

*In re Volkswagen AG*,
　　371 F.3d 201 (5th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*In re Volkswagen of Am., Inc.*,
　　545 F.3d 304 (5th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5-7, 11, 12

*WAG Acquisition, L.L.C. v. Google LLC*,
　　2022 WL 9569437 (W.D. Tex. Oct. 5, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 11

*WirelessWerx IP, LLC v. Google, LLC*,
　　No. 22-1056, 2023 WL 11921792 (W.D. Tex. Apr. 14, 2023). . . . . . . . . . . . . . . . . . . . . . 8

*WSOU Invs. LLC v. ZTE Corp.*,
　　No. 20-487, 2022 WL 479131 (W.D. Tex. Feb. 16, 2022). . . . . . . . . . . . . . . . . . . . . . . . 4

## **TABLE OF AUTHORITIES**

(*continued*)

*Statutes*                                                                                    *Page*

28 U.S.C. § 84 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

28 U.S.C. § 1400(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

28 U.S.C. § 1404(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Other Authorities*                                                                           *Page*

15 Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Juris.* § 3854 (4th ed. 2025) . . 10

*Golden v. Google LLC*,
    No. 22-5246, Docket No. 1 (N.D. Cal. Sept. 14, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Golden v. Google LLC*,
    No. 22-5246, Docket No. 11 (N.D. Cal. Oct. 26, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Golden v. Google LLC*,
    No. 22-5246, Docket No. 42 (N.D. Cal. Aug. 23, 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Golden v. Google LLC*,
    No. 22-5246, Docket No. 44 (N.D. Cal. Sept. 7, 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Golden v. Google LLC*,
    No. 22-5246, Docket No. 76 (N.D. Cal. Sept. 9, 2025) . . . . . . . . . . . . . . . . . . . . . . . . . . 3

## INTRODUCTION

Plaintiff Larry Golden sued Google in the Northern District of California, and lost.  Mr.

Golden now brings the same claims against Google in a new court—this Court.  But even in this

Court, interpretation of the Northern District's rulings, including their res judicata effect on this

action, will be central to the resolution of this case.  The best court to interpret the Northern

District's rulings is the Northern District itself, and so this Court should transfer this action there

in the interest of justice.  The public and private factors also favor transfer, as this case has no

connection to this Court and many connections to the Northern District.  This Court should

transfer this action to the Northern District of California, which is familiar with Mr. Golden, his

patents, his overall litigation campaign, and his specific litigation against Google.

## BACKGROUND

**A.    The Asserted Patents and Plaintiff's Litigation Campaign**

Plaintiff Larry Golden holds twelve patents including the five he asserts in this action,

U.S. Patent Nos. 8,334,761, 10,163,287, 10,984,619, 11,645,898, and RE43,891.  Since 2013,

Mr. Golden has asserted his portfolio in an unsuccessful litigation campaign, filing thirteen

complaints claiming infringement of eleven patents against the United States of America as well

as Apple, Google, Intel, Qualcomm, and Samsung.[1]  None of Mr. Golden's claims have made it

past the pleading stage.  *See id.*  Mr. Golden's patents generally concern anti-terrorism

---

[1] *Golden v. United States*, No. 13-307 (Fed. Cl. May 1, 2013); *Golden v. United States*,
No. 19-104 (Fed. Cl. Jan. 17, 2019); *Golden v. Apple, Inc.*, No. 19-2557 (D.S.C. Sept. 11, 2019);
*Golden v. Apple, Inc.*, No. 20-2270 (D.S.C. June 16, 2020); *Golden v. Apple, Inc.*, No. 20-4353
(D.S.C. Jan. 5, 2021); *Golden v. Google LLC*, No. 21-244 (D.S.C. Jan. 26, 2021); *Golden v.
Qualcomm Inc.*, No. 22-3283 (N.D. Cal. June 6, 2022); *Golden v. Intel Corp.*, No. 22-3828 (N.D.
Cal. June 28, 2022); *Golden v. Apple, Inc.*, No. 22-4152 (N.D. Cal. July 15, 2022); *Golden v.
Google LLC*, No. 22-5246 (N.D. Cal. Sept. 14, 2022); *Golden v. Samsung Elecs. Am., Inc.*, No.
23-48 (N.D. Cal. Jan. 5, 2023); *Golden v. United States*, No. 23-185 (Fed. Cl. Feb. 7, 2023);
*Golden v. United States*, No. 23-811 (Fed. Cl. May 31, 2023).

technology; the patents-in-suit address "anti-terrorist detection and prevention systems," specifically, "a chemical/biological/radiological detector unit with a disabling locking system for protecting products that can be grouped into several product groupings, from terrorist activity, and also from preventing unauthorized access to and tampering with the storage and transport of ordnance and weapons." '287 patent at 1:57-63, 3:35-41; '761 patent at 1:19-24, 2:62-3:1; '619 patent at 1:52-57, 3:30-35; '898 patent at 1:56-61, 3:36-41; RE'891 patent at 1:39-44, 3:17-22.

**B.    Mr. Golden's Previous Litigation Against Google**

In 2022, Mr. Golden filed suit against Google in the Northern District of California, claiming infringement of three patents on "anti-terrorist detection and prevention systems," *supra*, including the '287 patent at issue here. *Golden v. Google LLC*, No. 22-5246, Docket No. 1 at 2 (N.D. Cal. Sept. 14, 2022). Google moved to dismiss, arguing that the complaint did not allege that Google's "devices themselves infringe," but claimed only that its "devices could infringe his patents if a user added another application, 'ATAK,' made not by Google, but by the U.S. military." *Id.*, Docket No. 11 at 5:6-8. The Court granted Google's motion with leave to amend, holding "[t]hat a device is capable of being modified to operate in an infringing manner is not sufficient, by itself, to support a finding of infringement." *Golden v. Google*, No. 22-5246, 2023 WL 5154513, at *1, *3 (N.D. Cal. Aug. 10, 2023).

Mr. Golden amended his complaint, providing additional allegations and adding a new patent, the '619 patent at issue here. *Id.*, Docket No. 42 at 2-3. Google filed a second motion to dismiss (*id.*, Docket No. 44), which the Court granted without leave to amend. *Id.*, 2024 WL 1880336, at *4-5 (N.D. Cal. Apr. 3, 2024). Mr. Golden appealed. *Golden v. Google*, No. 24-2024, 2025 WL 1752485 (Fed. Cir. June 25, 2025). The Federal Circuit affirmed, finding no infringement because "Mr. Golden's infringement allegations require modification of the accused

products to show infringement," and finding that "the district court did not err in finding that Mr.

Golden fails to adequately allege joint infringement." *Id*. at *3. Mr. Golden filed petitions for

rehearing and rehearing *en banc*, which the Court denied. *Golden v. Google*, No. 24-2024,

Docket No. 44 (Fed. Cir. Sept. 2, 2025). On September 9, the Court of Appeals issued its

mandate affirming the Northern District of California's complete dismissal of Mr. Golden's

previous complaint. *Golden v. Google*, No. 22-5246, Docket No. 76 (N.D. Cal. Sept. 9, 2025).

### C.    Mr. Golden's Current Litigation Against Google

Nine days after the Federal Circuit issued its mandate in the previous action, Mr. Golden

filed this action. Compl. Although his complaint acknowledges his previous losses in the

Northern District of California and the Federal Circuit, *e.g.*, Compl. at 15, 16, 17, and although

he previously asserted two of the pending five patents against Google in those cases, *see id.*, Mr.

Golden filed this action here, rather than in the Northern District of California. *See id.*

In his complaint, Mr. Golden admits his losses in the previous action, but does not admit

the effect of those losses. Instead, he claims that his previous losses enable, rather than preclude,

his current claims. Mr. Golden alleges that, when the previous courts found no infringement

because his "allegations require[d] modification of the accused products to show infringement"

and that he "fail[ed] to adequately allege joint infringement," *Golden v. Google*, 2025 WL

1752485, at *3, what they actually meant was that "'joint infringement' is established when

Google was found to have controlled the 'manner or timing' of the third-party's modification or

performance," and that "infringement occurs when a mobile, consumer, or cellular device is

integrated with, or interconnected to, a CBRNE-H detection capability," Mr. Golden's term for

functionality he claims his patents cover. Compl. at 9. As a result, Mr. Golden alleges, "Google

has inadvertently litigated itself into a situation of greater liability." *Id.* at 18. Mr. Golden claims

that "Google's potential liability" includes "all the Actors in Google's Android Ecosystem performing a required step." *Id.* Thus Mr. Golden now alleges that his claims, which the Northern District dismissed because they required modification of Google's accused devices, should proceed in this Court *because* they require modification of Google's accused devices.

## ARGUMENT

**I.    The Court Should Rule on This Motion to Transfer Before the Motion to Dismiss**

"[O]nce a party files a transfer motion, disposition of that motion should take top priority in the case." *In re Apple Inc.*, 979 F.3d 1332, 1343 (Fed. Cir. 2020); *see also, e.g., Space Expl. Techs., Corp. v. Nat'l Lab. Rels. Bd.*, 129 F.4th 906, 911 (5th Cir. 2025). This Court has accordingly "prioritize[d] deciding transfer motions before reaching the merits of the case." *WSOU Invs. LLC v. ZTE Corp.*, No. 20-487, 2022 WL 479131, at *1 (W.D. Tex. Feb. 16, 2022). Doing so is particularly appropriate here, where Mr. Golden filed in a new court after receiving adverse rulings from a previous court, and Google's motion to dismiss requires resolution of the meaning and scope of those rulings. *See supra* §§ B, C. Transfer will allow the court that issued those rulings to address them.

**II.    Mr. Golden Could Have Brought This Action in the Northern District of California**

28 U.S.C. § 1404(a) "provides that 'for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.'" *In re Volkswagen AG*, 371 F.3d 201, 202 (5th Cir. 2004). Because motions to transfer do "not involve substantive issues of patent law," the Federal Circuit "applies the laws of the regional circuit in which the district court sits, in this case the Fifth Circuit." *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008) (citing *Storage Tech. Corp. v. Cisco Sys., Inc.*, 329 F.3d 823, 836 (Fed. Cir. 2003)). "The preliminary question under

§ 1404(a) is whether a civil action 'might have been brought' in the [transfer] destination venue." *Super Interconnect Techs. v. Google LLC,* No. 21-259, 2021 WL 6015465, at *2 (W.D. Tex. Nov. 8, 2021) (alteration in original) (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008)).  Google maintains its "principal place of business at 1600 Amphitheatre Parkway, Mountain View," in Santa Clara county, in the Northern District of California.  Compl. at 2; *see* 28 U.S.C. § 84.  Under 28 U.S.C. § 1400(b), Mr. Golden thus could have filed this action in the Northern District—just as he did file his previous action.  *Supra* § B.

### III.    The Northern District of California, Which Issued the Rulings Mr. Golden Claims Allow This Action, Should Determine Whether Res Judiciata Applies Here

Once the Court finds an action "could have been brought" in the proposed transferee district, *see supra*, it has "broad discretion in deciding whether to order a transfer." *Volkswagen of Am.*, 545 F.3d at 311 (quoting *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998)).  In this action, the Court should exercise its discretion to transfer the case to the Northern District, which issued rulings in Mr. Golden's previous litigation that will be central to any resolution of this action, and which is best suited to determine whether its prior rulings are res judicata here.

When a court issues a ruling and a litigant later files claims implicating that ruling in a different court, the original "court's familiarity with the parties' dispute also renders it better suited to determining, in the first instance, which issues and claims in the instant complaint are precluded by its decision," *Reiffin v. Microsoft Corp.*, 104 F. Supp. 2d 48, 57 (D.D.C. 2000), and in those circumstances the original court, not the later court, should "determine which claims are barred by res judicata because they were actually litigated or should have been litigated in the earlier case." *S. California Ass'n of Gov'ts. v. Kleppe*, 413 F. Supp. 563, 566 (D.D.C. 1976) (citing *Brotherhood of Locomotive Firemen & Enginemen v. Cent. of Ga. Ry. Co.*, 411 F.2d 320 (5th Cir. 1969)).  Following this rule, courts transfer cases such as this one back to the original

court when "preclusion motions place" the later court "in the position of deciding what exactly" an earlier court "decided, and whether that decision would be *res judicata* under the preclusion law of that Circuit." *Eagle-Picher Indus., Inc. v. Am. Emps. Ins. Co.*, 557 F. Supp. 225, 226 (D.D.C. 1983); *see, e.g.*, *United States v. Burns*, No. 08-03, 2008 WL 5263743, at *3 (N.D. W. Va. Dec. 18, 2008) (finding "transfer to the United States District Court for the Western District of Kentucky is appropriate" where "deciding issues of res judicata and accord and satisfaction, including the effect of earlier dismissals without prejudice, can be best addressed by the district court judge and magistrate judge in that district"); *Reiffin*, 104 F. Supp. 2d at 57; *Seariver Mar. Fin. Holdings, Inc. v. Pena*, 952 F. Supp. 9, 11 (D.D.C. 1997); *S. California*, 413 F. Supp. at 566.

This Court should do the same. Resolution of this action will require determination of whether previous rulings from the Northern District of California are res judicata here. *Supra* §§ B, C. Mr. Golden makes those rulings central to his complaint, claiming they enable his claims of joint infringement in this action. *E.g.*, Compl. at 3-19. Google also considers those rulings central to this action, but for different reasons: Google contends that the Northern District's previous rulings require dismissal of Mr. Golden's claims under res judicata. The court resolving this action will therefore be "in the position of deciding what exactly" the Northern District "decided, and whether that decision would be *res judicata*." *Eagle-Picher*, 557 F. Supp. at 226. The court best suited to interpret the Northern District's rulings is the Northern District.

Although the Court should also transfer this action based on the public and private interest factors set forth below, it may exercise its "broad discretion in deciding whether to order a transfer" solely on this ground to ensure the "interest of justice." *Volkswagen of Am.*, 545 F.3d at 311, 313. "The 'interest of justice' of this provision is 'a term broad enough to cover the particular circumstances of each case, which in sum indicate the administration of justice will be

advanced by transfer.'" *S. California*, 413 F. Supp. at 564 (quoting *Schneider v. Sears*, 265 F. Supp. 257, 263 (S.D.N.Y. 1967)). "Consideration of the interest of justice, which includes judicial economy, 'may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result.'" *Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997) (quoting *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220-21 (7th Cir. 1986)). The interest of justice suffices to transfer this case.

**IV.    The Northern District of California is a More Convenient District for This Litigation**

      **A.    The Private Interest Factors Favor Transfer**

"If the destination venue would have been a proper venue, then '[t]he determination of "convenience" turns on a number of public and private interest factors, none of which can be said to be of dispositive weight.'" *Proven Networks, LLC v. NetApp, Inc.*, No. 20-369, 2021 WL 4875404, at *1 (W.D. Tex. Oct. 19, 2021) (alteration in original) (quoting *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004)). "The private-interest factors are: '(1) the relative ease of access to source of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Relink US LLC v. Tesla, Inc.*, No. 23-1093, 2025 WL 2123783, at *3 (W.D. Tex. Apr. 3, 2025) (quoting *Volkswagen of Am.*, 545 F.3d at 315). These factors favor transfer to the Northern District.

      **1.    Relative Ease of Access to the Sources of Proof Favors Transfer**

"The first factor focuses on the location of documents and physical evidence relating to the case." *Relink*, 2025 WL 2123783, at *3 (quoting *In re TikTok, Inc.*, 85 F.4th 352, 358 (5th Cir. 2023)). "If the current district does not have evidence relating to a case, this factor favors transfer." *Relink*, 2025 WL 2123783, at *3. "In 'patent infringement cases, the bulk of the

relevant evidence usually comes from the accused infringer.'" *Id.* at *4 (quoting *In re Nintendo*, 589 F.3d 1194, 1199 (Fed. Cir. 2009)). "As this Court has previously stated, 'the Federal Circuit has held that it is an error not to also consider the location of document custodians and location where documents are created and maintained, which may bear on the ease of retrieval.'" *WirelessWerx IP, LLC v. Google, LLC*, No. 22-1056, 2023 WL 11921792, at *3 (W.D. Tex. Apr. 14, 2023) (quoting *WAG Acquisition, L.L.C. v. Google LLC*, No. 21-816, 2022 WL 9569437, at *4 (W.D. Tex. Oct. 5, 2022)).

As the complaint acknowledges, Google's headquarters are in the Northern District. *See supra* § II. Although Mr. Golden has yet to serve preliminary infringement contentions, the complaint makes broad allegations of infringement against Google and against the entire "Android Ecosystem," Compl. at 18; although these allegations are too broad to determine a single location for evidence, Google's headquarters in the Northern District will be a significant "location of document custodians and location where documents are created and maintained." *WirelessWerx*, 2023 WL 11921792, at *3 (quoting *WAG Acquisition*, 2022 WL 9569437, at *4). The complaint also alleges infringement by non-party Waymo LLC, which it acknowledges is "headquartered in Mountain View, California." Compl. at 20. This factor favors transfer.

### 2.    Availability of Compulsory Process Favors Transfer

This factor weighs "heavily in favor of transfer when more third-party witnesses reside within the transferee venue than reside in the transferor venue." *In re Apple Inc.,* No. 21-181, 2021 WL 5291804, at *3 (Fed. Cir. Nov. 15, 2021) (quoting *In re Apple, Inc.*, 581 F. App'x 886, 889 (Fed. Cir. 2014)); *see Relink*, 2025 WL 2123783, at *4. That is so here. The complaint alleges infringement by non-party Waymo LLC, which it acknowledges is in the Northern District. *Supra* § IV.A.1. For those non-party witnesses in the Northern District of California,

the subpoena powers of this Court "will be of little other use in this case," while, "[b]y comparison, the subpoena powers of the Northern District of California may be expected to be invaluable, in the event process is required to hale relevant witnesses into court." *In re Acer Am. Corp.*, 626 F.3d 1252, 1255 (Fed. Cir. 2010). "The fact that the transferee venue is a venue with usable subpoena power here weighs in favor of transfer, and not only slightly." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009).

### 3.  Cost of Attendance for Willing Witnesses Favors Transfer

"Testifying imposes external costs on witnesses, even those willing to testify," and "[t]his factor 'attempts to internalize and minimize' these costs by 'favoring the venue that is more convenient from the perspective of willing witnesses.'" *Relink*, 2025 WL 2123783, at *5 (quoting *In re Clarke*, 94 F.4th 502, 515 (5th Cir. 2024)). "The Fifth Circuit has adopted distance as the metric for convenience," where "[t]he factor of inconvenience 'positively and linearly scales' with the distance over one hundred miles witnesses must travel to testify." *Id.* (quoting *Clarke*, 94 F.4th at 515). "When considering this factor, the Court should consider all potential material and relevant witnesses," and "should not accord the convenience of party witnesses less weight." *HD Silicon Sols. LLC v. Microchip Tech. Inc.*, No. 20-1092, 2021 WL 4953884, at *5 (W.D. Tex. Oct. 25, 2021). Witnesses for Google and for non-party Waymo may reside in the Northern District. *See supra.* "While it is true that the witnesses in the Northern District of California are largely affiliated with the parties, that does not negate the inconvenience and cost to those individuals to travel a significant distance to testify." *In re Google LLC*, No. 21-170, 2021 WL 4427899, at *4 (Fed. Cir. Sept. 27, 2021).

Conversely, Mr. Golden lives in South Carolina (Compl. at 2), and thus must travel to either district. "[T]he comparison between the transferor and transferee forums is not altered by

the presence of other witnesses and documents in places outside both forums." *In re Netflix, Inc.*, No. 22-110, 2022 WL 167470, at *4 (Fed. Cir. Jan. 19, 2022) (quoting *In re Toyota Motor Corp.*, 747 F.3d 1338, 1340 (Fed. Cir. 2014)). "[W]hen there are numerous witnesses in the transferee venue and the only other witnesses are far outside the plaintiff's chosen forum, the witness convenience factor favors transfer." *Relink*, 2025 WL 2123783, at *6 (alteration in original) (quoting *Google*, 2021 WL 4427899, at *4).

### 4.    Consideration of Other Practical Problems Favors Transfer

"The fourth factor considers all other practical problems that make trial of a case easy, expeditious and inexpensive." *Relink*, 2025 WL 2123783, at *6 (quoting *TikTok*, 85 F.4th at 362). This factor strongly favors transfer. First and foremost, the Northern District is best suited to decide what the Northern District previously "decided, and whether that decision would be *res judicata*." *Eagle-Picher*, 557 F. Supp. at 226; *see supra* § III. In addition, "judicial economy also supports the transfer of cases to a court that has dealt with the same major issues in other cases." 15 Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Juris.* § 3854 (4th ed. 2025); *see, e.g., Regents*, 119 F.3d. at 1565. The Northern District of California has already issued final judgment against Mr. Golden regarding two of the patents in this action, *see supra* § B, and should decide whether that ruling is res judicata. *See supra* § III. This factor strongly favors transfer.

### B.    The Public Interest Factors Favor Transfer

The public factors include: "(5) the administrative difficulties flowing from court congestion; (6) the local interest in having localized interests decided at home; (7) the familiarity of the forum with the law that will govern the case; and (8) the avoidance of unnecessary

problems of conflict of laws . . . [or] the application of foreign law." *Relink*, 2025 WL 2123783, at *7 (alterations in original) (quoting *Clarke*, 94 F.4th at 509). They favor transfer.

### 1.    Administrative Difficulties Flowing From Court Congestion is Neutral

"[T]he Federal Circuit has repeatedly 'noted that the Western District of Texas and the Northern District of California show no significant differences in caseload or time-to-trial statistics.'" *USTA Tech., LLC v. Google LLC*, No. 22-1214, 2023 WL 4833481, at *6 (W.D. Tex. July 26, 2023) (quoting *In re Apple Inc.*, 2021 WL 5291804, at *4). Current statistics from the Administrative Office of the U.S. Courts, updated on June 30, 2025, show that this Court and the Northern District have similar median times to trial (32.8 and 37.6 months respectively). *See* https://uscourts.gov/sites/default/files/document/fcms_na_distprofile0630.2025.pdf. The Federal Circuit and this Court have found that congestion is "the most speculative" factor and that when "relevant factors weigh in favor of transfer and others are neutral, then the speed of the transferee district court should not alone outweigh all those other factors." *WAG Acquisition*, 2022 WL 9569437, at *7 (quoting *Genentech*, 566 F.3d at 1347). This factor is neutral.

### 2.    The Northern District Has a Strong Local Interest in this Dispute

"The local interests factor considers 'the local interest in having localized interests decided at home.'" *Relink*, 2025 WL 2123783, at *7 (quoting *Volkswagen of Am.*, 545 F.3d at 315). "[T]he sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue." *Interactive Graphic Sols. LLC v. Microsoft Corp.*, No. 21-462, 2022 WL 1314462, at *6 (W.D. Tex. Apr. 20, 2022) (alteration in original) (quoting *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009)). The Federal Circuit has "repeatedly rejected that a party's 'general presence in a particular district' can alone 'give that district a special interest in the case.' Rather, 'what is required is that there be significant

connections between a particular venue and *the events that gave rise to a suit*.'" *Apple*, 2021 WL 5291804, at \*5 (citations omitted) (quoting *In re Google LLC*, No. 21-171, 2021 WL 4592280, at \*5 (Fed. Cir. Oct. 6, 2021)). In this action, the principal "events that gave rise to a suit" are the Northern District of California's rulings, which Mr. Golden contends authorize him to bring this action. *Supra* § C. Any other "events that gave rise to a suit" in this action likely relate to the "Android Ecosystem" and Waymo self-driving cars, and thus may also concern the Northern District for that reason. *Supra* §§ IV.A.1, IV.A.2. "[T]he place of the alleged wrong is one of the most important factors in venue determinations," *Relink*, 2025 WL 2123783 at \*7 (alteration in original) (quoting *TikTok*, 85 F.4th at 364), especially when "there is no relevant factual connection to the [transferor district]." *Relink*, 2025 WL 2123783 at \*7 (alteration in original) (quoting *Volkswagen of Am.*, 545 F.3d at 317-18). That is the Northern District, where Google has its headquarters.

Conversely, "the Plaintiff resides outside of this District," *Interactive Graphic Sols.*, 2022 WL 1314462, at \*6, *see supra* § IV.A.3, and "[t]he record bears out that the issues and parties have no relevant connection to the Western District of Texas." *Alexander v. Corning Inc.*, No. 24-626, Docket No. 39 at 2 (W.D. Tex. Sept. 26, 2025). This factor favors transfer.

### 3. The Northern District is More Familiar With the Law That Will Govern the Case, Including Its Own Prior Rulings

Although "[e]ither District is equally capable of applying federal patent law," *Relink*, 2025 WL 2123783, at \*8, in this action, "the law that will govern the case" includes the previous rulings from the Northern District in his case against Google, as well as other cases involving the patents-in-suit. *Id.* at \*7 (quoting *Clarke*, 94 F.4th at 509); *see supra* §§ B, III. The best court to "determine which claims are barred by res judicata because they were actually litigated or should

have been litigated in the earlier case" is the Court that decided "the earlier case," the Northern District of California.  *S. California*, 413 F. Supp. at 566.

### 4.  Avoiding Problems of Conflict of Laws Favors Transfer

The factor of "the avoidance of unnecessary problems of conflict of laws . . . [or] the application of foreign law" favors transfer.  *Relink*, 2025 WL 2123783, at *7 (alterations in original) (quoting *Clarke*, 94 F.4th at 509).  The claims in this action "arise under the federal patent laws, for which there is uniformity nationwide, and which the Northern District of California is equally equipped to address."  *In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1224 (Fed. Cir. 2011).  But the Northern District has already addressed two of the patents in this action; should this Court proceed with this action, it could issue a ruling that conflicts with the Northern District's previous rulings.  A transfer would avoid this possibility.

### C.  The Public and Private Interest Factors Favor Transfer

Of the eight public and private factors, seven favor transfer, and one is neutral.  As the factors show, the Northern District "has a meaningful local interest in adjudicating the dispute and no meaningful connection exists" with this District.  *Hoffmann-La Roche*, 587 F.3d at 1338. This Court should transfer to the Northern District of California.

### <u>CONCLUSION</u>

For the foregoing reasons, Google respectfully requests that the Court transfer this action to the United States District Court for the Northern District of California.

Date:  December 10, 2025                       Respectfully submitted,

                                               */s/ Brian C. Banner*
                                               Brian C. Banner (State Bar No. 24059416)
                                               Valerie Barker (State Bar No. 24087141)
                                               SLAYDEN GRUBERT BEARD PLLC
                                               401 Congress Avenue, Suite 1650
                                               Austin, Texas, 78701

– 13 –

+1 (512) 402-3569
+1 (512) 402-6865 facsimile
bbanner@sgbfirm.com
vbarker@sgbfirm.com

Matthew S. Warren
Erika H. Warren
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-434@cases.warrenlex.com

*Attorneys for Defendant Google LLC*

## CERTIFICATE OF CONFERENCE

I certify that on Thursday, December 4, 2025, under Local Rule CV-7(g), the parties met and conferred in a good-faith attempt to resolve this matter by agreement. Defendant provided its position on this motion to plaintiff, and plaintiff expressed his opposition to this motion.

*/s/ Brian C. Banner*
Brian C. Banner

## <u>CERTIFICATE OF SERVICE</u>

I certify that on December 10, 2025, I served the foregoing Defendant Google LLC's

Motion to Transfer on plaintiff Larry Golden by First Class Mail at the following address:

> Larry Golden
> 740 Woodruff Road, No. 1102
> Greenville, South Carolina, 29607

by placing it in a sealed envelope with postage paid and placing the envelope in the exclusive

custody of the United States Postal Service.

On the same day, I also sent a courtesy copy of this document by electronic mail to Mr.

Golden at atpg-tech@charter.net.

_____
Denora Guevara