# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| LARRY GOLDEN, | § | |
| | § | |
| Plaintiff, | § | Case No. 6:25-cv-00434-LS |
| | § | |
| v. | § | |
| | § | |
| GOOGLE LLC | § | |
| | § | |
| Defendant. | § | |

### **DEFENDANT GOOGLE LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS**

## **TABLE OF CONTENTS**

*Page*

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .ii

INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.       The Court Should Rule on Google's Motion to Transfer Before This Motion . . . . . . . . . .1

II.      The Court Should Dismiss Counts I and II of Plaintiff's Complaint . . . . . . . . . . . . . . . . . 1

III.     The Court Should Dismiss Count III of Plaintiff's Complaint . . . . . . . . . . . . . . . . . . . . . .3

IV.     The Court Should Dismiss Counts IV through VI of Plaintiff's Complaint . . . . . . . . . . . .3

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

**TABLE OF AUTHORITIES**

*Cases*            *Pages*

*In re Apple Inc.*,
     979 F.3d 1332 (Fed. Cir. 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Ashcroft v. Iqbal*,
     556 U.S. 662 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Bell Atl. Corp. v. Twombly*,
     550 U.S. 544 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Black v. N. Panola Sch. Dist.*,
     461 F.3d 584 (5th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

*Castillo v. Bank of Am., N.A.*,
     No. 11-1011, 2012 WL 13149017 (W.D. Tex. June 13, 2012) . . . . . . . . . . . . . . . . . . . . .3

*In re Dallas Roadster, Ltd.*,
     846 F.3d 112 (5th Cir. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

*Escamilla v. ADT, LLC*,
     No. 23-1037, 2024 WL 2807028 (W.D. Tex. May 30, 2024) . . . . . . . . . . . . . . . . . . . 2-4

*Golden v. Google LLC*,
     No. 24-2024, 2025 WL 1752485 (Fed. Cir. June 25, 2025) . . . . . . . . . . . . . . . . . . . . . . 2

*Pedigo v. Austin Rumba, Inc.*,
     No. 08-803, 2009 WL 10669869 (W.D. Tex. July 29, 2009) . . . . . . . . . . . . . . . . . . . . . 3

*Qashou v. City of San Antonio*,
     No. 25-459, 2025 WL 3461736 (W.D. Tex. Dec. 2, 2025) . . . . . . . . . . . . . . . . . . . . . . .3

*Sneed v. Austin Indep. Sch. Dist.*,
     487 F. Supp. 3d 584 (W.D. Tex. 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Space Expl. Techs., Corp. v. Nat'l Lab. Rels. Bd.*,
     129 F.4th 906 (5th Cir. 2025) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Twin Vill. Mgmt., LLC v. Fed. Ins. Co.*,
     No. 22-1111, 2023 WL 4093404 (W.D. Tex. June 19, 2023) . . . . . . . . . . . . . . . . . . . . .1

*Twin Vill. Mgmt., LLC v. Fed. Ins. Co.*,
     No. 22-1111, 2023 WL 4842452 (W.D. Tex. July 28, 2023) . . . . . . . . . . . . . . . . . . . .1-2

*WSOU Invs. LLC v. ZTE Corp.*,
     No. 20-487, 2022 WL 479131 (W.D. Tex. Feb. 16, 2022) . . . . . . . . . . . . . . . . . . . . . . . 1

# TABLE OF AUTHORITIES
(*continued*)

*Statutes* *Page*

28 U.S.C. § 1295(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Other Authorities* *Page*

*Golden v. Google LLC*,
    No. 22-5246, Docket No. 73 (N.D. Cal. June 21, 2024) . . . . . . . . . . . . . . . . . . . . . . . . .2

**INTRODUCTION**

Google's motion to dismiss established that plaintiff's complaint does not state a claim. In response, plaintiff largely submits information that is irrelevant, that the Court cannot properly consider on this motion, or both. Where plaintiff does address Google's arguments, his responses confirm that Google's points are correct. The Court should dismiss this action.

**ARGUMENT**

**I.     The Court Should Rule on Google's Motion to Transfer Before This Motion**

"[O]nce a party files a transfer motion, disposition of that motion should take top priority in the case." *In re Apple Inc.*, 979 F.3d 1332, 1343 (Fed. Cir. 2020); *see also, e.g., Space Expl. Techs., Corp. v. Nat'l Lab. Rels. Bd.*, 129 F.4th 906, 911 (5th Cir. 2025). This Court has accordingly "prioritize[d] deciding transfer motions before reaching the merits of the case." *WSOU Invs. LLC v. ZTE Corp.*, No. 20-487, 2022 WL 479131, at *1 (W.D. Tex. Feb. 16, 2022). Doing so is particularly appropriate in this action, which Mr. Golden filed after receiving adverse rulings from the Northern District of California, and where Google asserts those adverse rulings are res judicata here. This Court should rule on Google's motion to transfer before this motion.

**II.    The Court Should Dismiss Counts I and II of Plaintiff's Complaint**

Google's motion to dismiss explained that the Court should dismiss Counts I and II of the complaint under res judicata, the *Kessler* doctrine, and for failure to claim joint infringement. Plaintiff largely ignores these arguments; most of his opposition is spent "merely reciting the elements of [his] claims and reasserting the conclusory allegations in [his] Complaint," which "cannot defeat a motion to dismiss under Rule 12(b)(6)." *Twin Vill. Mgmt., LLC v. Fed. Ins. Co.*, No. 22-1111, 2023 WL 4093404, at *3 (W.D. Tex. June 19, 2023) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), *R. & R. adopted*, 2023 WL 4842452 (W.D. Tex. July 28,

2023). Where plaintiff does engage with Google's motion, his arguments fail. He claims that res judicata and the *Kessler* doctrine cannot apply because "it is highly improbable a final judgement was ever entered." Opp. at 5. But the Northern District did enter a final judgment, as Mr. Golden admitted when he appealed it. *Golden v. Google LLC*, No. 22-5246, Docket No. 73 (N.D. Cal. June 21, 2024). And the Court of Appeals found "jurisdiction under 28 U.S.C. § 1295(a)(1)," *Golden v. Google LLC*, No. 24-2024, 2025 WL 1752485, at *2 (Fed. Cir. June 25, 2025), which requires "a final decision of a district court of the United States." 28 U.S.C. § 1295(a)(1).

Similarly, Mr. Golden acknowledges Google's point that "[t]he asserted '619 and '287 patents include only system claims . . . " (Opp. at 4 (alterations in original)), and acknowledges that in these counts he is pleading "joint infringement" (*id.* at 10), but does not explain how he can apply joint infringement to the patents' system claims. *See* Mot. at 8-9. Similarly, plaintiff baldly states that "Google allegedly 'exercises control or direction over the entire process'" of alleged joint infringement, but fails to address or even engage with Google's explanation of how the complaint admits the opposite. Opp. at 11; *see* Mot. at 9-10. Finally, plaintiff states without further explanation that he has "alleged facts that give rise to 'more than a sheer possibility that the defendant [Google] has acted unlawfully.'" Opp. at 5 (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). But plaintiff cites no facts to support this statement, just as he cites none in his complaint. *See* Mot. at 10-11.

Plaintiff's failure to address Google's arguments is fatal to his opposition. "A party's failure to defend a claim in their response to a motion to dismiss constitutes abandonment." *Escamilla v. ADT, LLC*, No. 23-1037, 2024 WL 2807028, at *3 (W.D. Tex. May 30, 2024) (citing *In re Dallas Roadster, Ltd.*, 846 F.3d 112, 126 (5th Cir. 2017)); *see also Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588, n.1 (5th Cir. 2006). Under these circumstances, this Court can and will

dismiss a plaintiff's claim.  *See, e.g.*, *Castillo v. Bank of Am., N.A.*, No. 11-1011, 2012 WL 13149017, at *12 (W.D. Tex. June 13, 2012); *Pedigo v. Austin Rumba, Inc.*, No. 08-803, 2009 WL 10669869, at *2 (W.D. Tex. July 29, 2009).  It should do the same here.

### III.     The Court Should Dismiss Count III of Plaintiff's Complaint

Google's motion to dismiss explained that Count III "fail[ed] to allege joint infringement for the same reasons as Claims I and II," and further "fail[ed] to allege direct infringement" by admitting that Google does not infringe.  Mot. § II.B.  Mr. Golden's attempts to rescue his joint infringement claims fail for the same reasons as Counts I and II, *see supra*, and his opposition does not address Google's other arguments against Count III at all.  The Court should dismiss this claim.  *Escamilla,* 2024 WL 2807028 at *3; *see supra*.

### IV.     The Court Should Dismiss Counts IV through VI of Plaintiff's Complaint

As Google detailed in its motion to dismiss, the complaint admitted that Counts IV through VI accused non-party Waymo LLC of infringement, and thus could not stand against defendant Google LLC.  Mot. § II.A.  In response, Mr. Golden provides only two blog posts, one from forbes.com and one from seekingalpha.com.  *See* Opp. at 20-21.  These blog posts do not claim that Waymo and Google are the same company, and plaintiff has already admitted in the complaint that they are different.  *See* Mot. § II.A.  Even assuming that these blog posts had some relevance to plaintiff's claims, the Court cannot consider them as they are not in the complaint.  "[B]ecause new facts or claims made in response to a motion to dismiss to defeat the motion are not incorporated into the original pleadings, this court will consider only the factual allegations and claims made in" the complaint itself.  *Sneed v. Austin Indep. Sch. Dist.*, 487 F. Supp. 3d 584, 594 (W.D. Tex. 2020); *see also Qashou v. City of San Antonio,* No. 25-459, 2025 WL 3461736, at *6 (W.D. Tex. Dec. 2, 2025).  Mr. Golden provides no proper argument against Google's

motion to dismiss Counts IV through VI, and has thus abandoned them as well. *Escamilla,* 2024 WL 2807028, at *3; *see supra* at 2-3. The Court should dismiss these claims.

## CONCLUSION

For the foregoing reasons and for the reasons set forth in Google's motion, Google respectfully requests that the Court dismiss this action.

Date:  December 15, 2025                              Respectfully submitted,

*/s/ Brian C. Banner*
Brian C. Banner (State Bar No. 24059416)
Valerie K. Barker (State Bar No. 24087141)
SLAYDEN GRUBERT BEARD PLLC
401 Congress Avenue, Suite 1650
Austin, Texas, 78701
+1 (512) 402-3550
+1 (512) 402-6865 facsimile
bbanner@sgbfirm.com
vbarker@sgbfirm.com

Matthew S. Warren
Erika Warren
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-434@cases.warrenlex.com

*Attorneys for Defendant Google LLC*

– 5 –

**CERTIFICATE OF SERVICE**

I hereby certify that on December 15, 2025, I served the foregoing Defendant Google LLC's Reply in Support of Google's Motion to Dismiss on the plaintiff Larry Golden by First Class Mail at the following address:

> Larry Golden
> 740 Woodruff Road, No. 1102
> Greenville, South Carolina, 29607

by placing it in a sealed envelope with postage paid and placing the envelope in the exclusive custody of the United States Postal Service.

On the same day, I also sent a courtesy copy of this document by electronic mail to Mr. Golden at atpg-tech@charter.net.

Denora Guevara