**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| LARRY GOLDEN, | § | |
| | § | |
| Plaintiff, | § | Case No. 6:25-cv-00434-LS |
| | § | |
| v. | § | |
| | § | |
| GOOGLE LLC | § | |
| | § | |
| Defendant. | § | |

**REPLY IN SUPPORT OF DEFENDANT GOOGLE LLC'S MOTION TO TRANSFER**

## <u>TABLE OF CONTENTS</u>

*Page*

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .ii

INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.    Mr. Golden Could Have Brought This Action in the Northern District of California. . . . . 1

II.   The Northern District of California Should Resolve Whether Its Previous Rulings Are Res Judicata That Preclude Mr. Golden's Claims in This Court . . . . . . . . . . . . . . . . . . . . 1

III.  The Northern District of California is a More Convenient District for This Litigation . . . 2

      A.    The Cost of Attendance for Willing Witnesses Favor Transfer . . . . . . . . . . . . . . 2

      B.    Plaintiff Concedes the Remaining Interest Factors . . . . . . . . . . . . . . . . . . . . . . . . 4

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

## <u>TABLE OF AUTHORITIES</u>

<div align="center"><em>Cases</em></div> <div align="right"><em>Page</em></div>

*Balawajder v. Scott,*
    160 F.3d 1066 (5th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

*Bristol-Myers Squibb Co. v. Andrx Pharms., LLC,*
    No. 03-2503, 2003 WL 22888804 (S.D.N.Y. Dec. 5, 2003) . . . . . . . . . . . . . . . . . . . . . . . .3

*Brown v. Connecticut Gen. Life Ins. Co.,*
    934 F.2d 1193 (11th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

*Degolia v. Kenton Cty.,*
    381 F. Supp. 3d 740 (E.D. Ky. 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Eagle-Picher Indus., Inc. v. Am. Emps. Ins. Co.,*
    557 F. Supp. 225 (D.D.C. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Fairbanks Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA,*
    No. 13-2399, 2015 WL 11232355 (N.D. Ga. Feb. 11, 2015) . . . . . . . . . . . . . . . . . . . . . . .3

*In re Google LLC,*
    No. 21-170, 2021 WL 4427899 (Fed. Cir. Sept. 17, 2021) . . . . . . . . . . . . . . . . . . . . . . . . 2

*Indian Harbor Ins. Co. v. Factory Mut. Ins. Co.,*
    419 F. Supp. 2d 395 (S.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Magee v. Life Ins. Co. of N. Am.,*
    261 F. Supp. 2d 738 (S.D. Tex. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

*Redpoint Cnty. Mut. Ins. Co. v. Links Ins. Servs., LLC,*
    No. 24-13, 2025 WL 470931 (W.D. Tex. Feb. 12, 2025) . . . . . . . . . . . . . . . . . . . . . . . . 1, 4

*Relink US LLC v. Tesla, Inc.,*
    No. 23-1093, 2025 WL 2123783 (W.D. Tex. Apr. 3, 2025) . . . . . . . . . . . . . . . . . . . . . . 2, 3

*Touch-N-Buy, LLC v. United Consumer Fin. Servs.,*
    No. 24-11660, 2025 WL 2093429 (E.D. Mich. Mar. 26, 2025) . . . . . . . . . . . . . . . . . . . . 4

*In re Volkswagen of Am., Inc.,*
    545 F.3d 304 (5th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

*Yaeger v. Wyndham Vacation Resorts, Inc.,*
    No. 11-3958, 2013 WL 12251716 (N.D. Ala. Aug. 12, 2013) . . . . . . . . . . . . . . . . . . . . . .3

## INTRODUCTION

As Google explained in its motion, the Court should transfer this action to the Northern District of California both in the interests of justice, because the Northern District is the court best suited to consider the res judicata effect of its own prior rulings, and also under the public and private factors considered by this Court. In his opposition, plaintiff largely ignores Google's arguments; where he addresses them, his responses provide further support for Google's motion. This Court should therefore transfer this action to the Northern District of California.

## ARGUMENT

### I.    Mr. Golden Could Have Brought This Action in the Northern District of California

As Google's motion explained, plaintiff previously sued Google in the Northern District of California, and could have filed this action there as well. Mot. § II. Plaintiff's opposition does not contest or address this point. *See generally* Opp. "The 'failure to brief an argument in the district court waives that argument.'" *Redpoint Cnty. Mut. Ins. Co. v. Links Ins. Servs., LLC*, No. 24-13, 2025 WL 470931, at *3 (W.D. Tex. Feb. 12, 2025) (citing *Magee v. Life Ins. Co. of N. Am.*, 261 F. Supp. 2d 738, 748 & n. 10 (S.D. Tex. 2003)). As a result, this Court has uncontested and "broad discretion in deciding whether to order a transfer." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008) (quoting *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998)).

### II.    The Northern District of California Should Resolve Whether Its Previous Rulings Are Res Judicata That Preclude Mr. Golden's Claims in This Court

In exercising that discretion, the Court should transfer this action to the Northern District of California, which is best suited to determine whether its rulings in Mr. Golden's prior action are res judicata here. Google explained this in its motion, Mot. § III, and plaintiff's opposition agrees with Google that the Northern District's rulings will be central to any resolution of this

action.  *See* Opp. at 6-8; *see also*, *e.g.*, Am. Compl. at 3-20.  Plaintiff disagrees with Google only

regarding the meaning of the Northern District's previous rulings:  instead of precluding his

current complaint, plaintiff claims, they enable it.  Opp. at 6-8.  Plaintiff's opposition thus

confirms that his complaint will place this Court in the awkward "position of deciding what

exactly" the Northern District "decided, and whether that decision would be *res judicata* under

the preclusion law of that Circuit."  *Eagle-Picher Indus., Inc. v. Am. Emps. Ins. Co.*, 557 F. Supp.

225, 226 (D.D.C. 1983).  In these circumstances, courts routinely transfer later-filed cases to the

original court.  *See id.*; *see also* Mot. § III.  This Court should do so here.

## III.    The Northern District of California is a More Convenient District for This Litigation

Of the eight private and public interest factors considered by this Court, *see Relink US*

*LLC v. Tesla, Inc.*, No. 23-1093, 2025 WL 2123783, at *3, *7 (W.D. Tex. Apr. 3, 2025), Google's

motion explained that seven favor transfer and one is neutral.  Mot. § IV.  Plaintiff's opposition

ignores seven of these eight factors; where it does challenge Google's motion, it succeeds only in

further confirming that the Court should transfer this action.

### A.    The Cost of Attendance for Willing Witnesses Favors Transfer

Addressing the cost of attendance for willing witnesses, Google explained that where, as

here, "there are numerous witnesses in the transferee venue and the only other witnesses are far

outside the plaintiff's chosen forum, the witness convenience factor favors transfer."  *Relink*,

2025 WL 2123783, at *6 (quoting *In re Google LLC*, No. 21-170, 2021 WL 4427899, at *4 (Fed.

Cir. Sept. 17, 2021)); *see* Mot. § IV.A.3.  Plaintiff again agrees with Google, acknowledging that

numerous witnesses in this action reside in the Northern District while the only other witness—

plaintiff himself—is far outside the plaintiff's chosen forum of this District, at his home in South

Carolina.  *See* Opp. at 8-9.  Plaintiff then argues that his location overrides everyone else's, and

that the Court should deny transfer solely to reduce his burden. *See id.* Plaintiff is wrong; the law requires consideration of all witnesses, and that consideration favors transfer to the Northern District. *See Relink*, 2025 WL 2123783, at *6; *see also* Mot. § IV.A.3.

Finally, plaintiff claims that transfer will cause him financial hardship, and that the Court should deny transfer for this reason. Opp. at 9-10. But "even a showing of financial hardship does not preclude transfer where transfer is in the interest of justice." *Fairbanks Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 13-2399, 2015 WL 11232355, at *6 (N.D. Ga. Feb. 11, 2015) (citing *Brown v. Connecticut Gen. Life Ins. Co.*, 934 F.2d 1193, 1197 (11th Cir. 1991)). And a claim of hardship rings hollow "where the party claiming inconvenience has appeared in the district to which an action may be transferred, as Plaintiff has done here." *Fairbanks*, 2015 WL 11232355, at *6 (citing *Indian Harbor Ins. Co. v. Factory Mut. Ins. Co.*, 419 F. Supp. 2d 395, 402 n.3 (S.D.N.Y. 2005)). Plaintiff has not merely appeared in the Northern District; he filed five cases there against five defendants, and litigated them simultaneously.[1] Having done so, plaintiff cannot now claim he will suffer a "tremendous burden," or indeed any burden, from proceeding in the Northern District. Opp. at 9; *see, e.g.*, *Fairbanks*, 2015 WL 11232355, at *7; *Indian Harbor*, 419 F. Supp. 2d at 402 n.3; *Yaeger v. Wyndham Vacation Resorts, Inc.*, No. 11-3958, 2013 WL 12251716, at *3 (N.D. Ala. Aug. 12, 2013); *Bristol-Myers Squibb Co. v. Andrx Pharms., LLC*, No. 03-2503, 2003 WL 22888804, at *4 (S.D.N.Y. Dec. 5, 2003). Plaintiff's claim of financial hardship from litigating in the Northern District cannot survive his history of litigating in the Northern District. Plaintiff's opposition thus confirms that the cost of attendance for willing witnesses favors transfer.

---

[1] *Golden v. Qualcomm Inc.*, No. 22-3283 (N.D. Cal. June 6, 2022); *Golden v. Intel Corp.*, No. 22-3828 (N.D. Cal. June 28, 2022); *Golden v. Apple, Inc.*, No. 22-4152 (N.D. Cal. July 15, 2022); *Golden v. Google LLC*, No. 22-5246 (N.D. Cal. Sept. 14, 2022); *Golden v. Samsung Elecs. Am., Inc.*, No. 23-48 (N.D. Cal. Jan. 5, 2023).

B.      **Plaintiff Concedes the Remaining Interest Factors**

Plaintiff does not address the other seven factors, and has thus "effectively conceded that the § 1404(a) factors weigh in favor of transfer by failing to address this issue in their response." *Touch-N-Buy, LLC v. United Consumer Fin. Servs.*, No. 24-11660, 2025 WL 2093429, at *3 (E.D. Mich. Mar. 26, 2025) (citing *Degolia v. Kenton Cnty.*, 381 F. Supp. 3d 740, 759-760 (E.D. Ky. 2019); *see, e.g., Redpoint Cnty.*, 2025 WL 470931, at *3. For these reasons as well, the Court should transfer this action.

## <u>CONCLUSION</u>

For the foregoing reasons and for the reasons set forth in Google's motion, Google respectfully requests that the Court transfer this action to the United States District Court for the Northern District of California.

Date:  January 5, 2026                     Respectfully submitted,

<div style="margin-left:40%">

*/s/ Brian C. Banner*
Brian C. Banner (State Bar No. 24059416)
Valerie K. Barker (State Bar No. 24087141)
SLAYDEN GRUBERT BEARD PLLC
401 Congress Avenue, Suite 1650
Austin, Texas, 78701
+1 (512) 402-3550
+1 (512) 402-6865 facsimile
bbanner@sgbfirm.com
vbarker@sgbfirm.com

Matthew S. Warren
Erika Warren
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-434@cases.warrenlex.com

*Attorneys for Defendant Google LLC*

</div>

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 5, 2026, I served the foregoing Reply in Support of

Defendant Google LLC's Motion to Transfer on the plaintiff Larry Golden by First Class Mail at

the following address:

> Larry Golden
> 740 Woodruff Road, No. 1102
> Greenville, South Carolina, 29607

by placing it in a sealed envelope with postage paid and placing the envelope in the exclusive

custody of the United States Postal Service.

On the same day, I also sent a courtesy copy of this document by electronic mail to Mr.

Golden at atpg-tech@charter.net.

_____
Kailey Fung