**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| LARRY GOLDEN, | § | |
| | § | |
| Plaintiff, | § | Case No. 6:25-cv-00434-LS |
| | § | |
| v. | § | |
| | § | |
| GOOGLE LLC | § | |
| | § | |
| Defendant. | § | |

**<u>DEFENDANT GOOGLE LLC'S MOTION TO DISMISS AMENDED COMPLAINT</u>**

## TABLE OF CONTENTS

*Page*

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

A.    The Asserted Patents and Plaintiff's Litigation Campaign . . . . . . . . . . . . . . . . . . . . . . . . .1

B.    Mr. Golden's Previous Litigation Against Google . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

C.    Mr. Golden's Original Complaint in This Action . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

D.    Google's Motion to Dismiss and Mr. Golden's Amended Complaint . . . . . . . . . . . . . . . 4

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

I.    The Court Should Rule on Google's Motion to Transfer Before This Motion . . . . . . . . . .5

II.    The Court Should Dismiss Counts I, II, and VII of Plaintiff's Complaint . . . . . . . . . . . . . 5

   A.    Res Judicata Bars Counts I, II, and VII . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

   B.    The Kessler Doctrine Bars Counts I, II, and VII . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

   C.    Counts I and II Fail to State a Claim of Joint Infringement . . . . . . . . . . . . . . . . . . 9

   D.    Count VII Admits It Cannot State a Claim of Infringement . . . . . . . . . . . . . . . . .12

III.    The Court Should Dismiss Counts III through VI of Plaintiff's Complaint . . . . . . . . . . .13

   A.    Counts IV Through VI Admit That Google Does Not Infringe . . . . . . . . . . . . . 13

   B.    Count III Admits That Google Does Not Infringe . . . . . . . . . . . . . . . . . . . . . . . . 14

IV.    The Court Should Deny Leave to Amend . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .16

**TABLE OF AUTHORITIES**

*Cases*                                                                                       *Page*

*Acuned LLC v. Stryker Corp.,*
    525 F.3d 1319 (Fed. Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Akamai Techs., Inc. v. Limelight Networks, Inc.,*
    797 F.3d 1020 (Fed. Cir. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10-11, 12

*Anderson v. 21st Mortg. Corp.,*
    No. 15-200, 2016 WL 11582928 (W.D. Tex. Sept. 26, 2016) . . . . . . . . . . . . . . . . . . . . . 12

*In re Apple Inc.,*
    979 F.3d 1332 (Fed. Cir. 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Artesia Springs, LLC v. DS Waters of Am., Inc.,*
    No. 14-791, 2015 WL 12712643 (W.D. Tex. Jan. 13, 2015) . . . . . . . . . . . . . . . . . . . . . . 15

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Askan v. FARO Techs., Inc.,*
    No. 22-2117, 2023 WL 4101351 (Fed. Cir. June 21, 2023) . . . . . . . . . . . . . . . . . . . . . . . 9

*Avila v. Ocwen Loan Servicing, LLC,*
    No. 14-460, 2014 WL 12580450 (W.D. Tex. June 6, 2014) . . . . . . . . . . . . . . . . . . . . . . . 6

*Bayer AG v. Housey Pharms., Inc.,*
    169 F. Supp. 2d 328 (D. Del. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12-13

*Bayer AG v. Housey Pharms., Inc.,*
    340 F.3d 1367 (Fed. Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12-13

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Brain Life, LLC v. Elekta Inc.,*
    746 F.3d 1045 (Fed. Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Brewster v. Dretke,*
    587 F.3d 764 (5th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15-16

*Brown v. Felsen,*
    442 U.S. 127 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## TABLE OF AUTHORITIES

*(continued)*

| Cases | Page |
|---|---|

*Centillion Data Sys. LLC v. Qwest Commc'ns Int'l Inc.,*
631 F.3d 1279 (Fed. Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Duffie v. United States,*
600 F.3d 362 (5th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Foster v. Hallco Mfg. Co.,*
947 F.2d 469 (Fed. Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Golden v. Google LLC,*
No. 22-5246, 2023 WL 5154513 (N.D. Cal. Aug. 10, 2023) . . . . . . . . . . . . . . . . . . 2, 15

*Golden v. Google LLC,*
No. 22-5246, 2024 WL 1880336 (N.D. Cal. Apr. 3, 2024) . . . . . . . . . . . . . . . . . .2-3, 6, 9

*Golden v. Google LLC,*
No. 24-2024, 2025 WL 1752485 (Fed. Cir. June 25, 2025) . . . . . . . . . . . . . . . . . . . . 3, 11

*Golden v. Samsung Elecs. Am., Inc.,*
No. 23-48, 2023 WL 3919466 (N.D. Cal. June 8, 2023) . . . . . . . . . . . . . . . . . . . . . . . . 9

*Golden v. United States,*
171 Fed. Cl. 33 (2024) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*Golden v. United States,*
No. 24-2256, 2025 WL 900873 (Fed. Cir. Mar. 24, 2025) . . . . . . . . . . . . . . . . . . . . . . 8

*G&G Closed- Cir. Events, LLC v. Kelpim, Inc.,*
No. 24-408, 2025 WL 3769290 (W.D. Tex. Aug. 31, 2025) . . . . . . . . . . . . . . . . . . . 10, 12

*Hall v. Hodgkins,*
305 F. App'x 224 (5th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Herrmann v. Bridger,*
No. 24-545, 2024 WL 4849079 (W.D. Tex. Nov. 20, 2024) . . . . . . . . . . . . . . . . . . . . .6

*Hemphill v. Johnson & Johnson,*
550 F. App'x 890 (Fed. Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Ireland v. Simmons,*
No. 25-162, 2025 WL 3776816 (W.D. Tex. Dec. 31, 2025) . . . . . . . . . . . . . . . . . . . . .16

## <u>TABLE OF AUTHORITIES</u>
*(continued)*

|                |      |
|----------------|------|
| *Cases*        | *Page* |

*Kessler v. Eldred,*
    206 U.S. 285 (1907)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Lyda v. CBS Corp.,*
    838 F.3d 1331 (Fed. Cir. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10-11

*Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.,*
    590 U.S. 405 (2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Mars Inc. v. Nippon Conlux Kabushiki-Kaisha,*
    58 F.3d 616 (Fed. Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Muhammad v. Wiles,*
    No. 19-51, 2023 WL 3143434 (W.D. Tex. Feb. 14, 2023) . . . . . . . . . . . . . . . . . . . . 15-16

*Nazomi Commc'ns, Inc. v. Nokia Corp.,*
    739 F.3d 1339 (Fed. Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Nystrom v. Trex Co.,*
    580 F.3d 1281 (Fed. Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*In re PersonalWeb Techs. LLC,*
    961 F.3d 1365 (Fed. Cir. 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Petro–Hunt, L.L.C. v. United States,*
    365 F.3d 385 (5th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Pervasive Software Inc. v. Lexware GmbH & Co. KG.,*
    688 F.3d 214 (5th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Red Rock Analytics, LLC v. Apple Inc.,*
    No. 21-346, 2021 WL 5828368 (W.D. Tex. Dec. 8, 2021) . . . . . . . . . . . . . . . . . . . . . 8, 9

*Seven Networks, LLC v. Motorola Mobility LLC,*
    No. 21-1036, 2022 WL 426589 (N.D. Tex. Feb. 10, 2022) . . . . . . . . . . . . . . . . . . . . . 9

*SimpleAir, Inc. v. Google LLC,*
    884 F.3d 1160 (Fed. Cir. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8-9

*In re Southmark Corp.,*
    163 F.3d 925 (5th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . . . . 5

# TABLE OF AUTHORITIES

*(continued)*

*Cases*                                               *Page*

*Space Expl. Techs., Corp. v. Nat'l Lab. Rels. Bd.,*
29 F.4th 906 (5th Cir. 2025) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Standard Oil Co. v. Nippon Shokubai Kagaku Kogyo Co., Ltd.,*
754 F.2d 345 (Fed. Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Stripling v. Jordan Prod. Co., LLC,*
234 F.3d 863 (5th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Syngenta Crop Prot., LLC v. Willowood, LLC,*
944 F.3d 1344 (Fed. Cir. 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Telemac Cellular Corp. v. Topp Telecom, Inc.,*
247 F.3d 1316 (Fed. Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*In re Vitro Asset Corp.,*
656 F. App'x 717 (5th Cir. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Wade v. Household Fin. Corp.,*
No. 17-148, 2017 WL 2533535 (W.D. Tex. June 8, 2017) . . . . . . . . . . . . . . . . . . . . 6

*Windmann v. Sun Life Assurance Co. of Canada,*
No. 16-61, 2016 WL 11591768 (W.D. Tex. Dec. 15, 2016) . . . . . . . . . . . . . . . . . . . 12

*Wis. Alumni Rsch. Found. v. Apple Inc.,*
112 F.4th 1364 (Fed. Cir. 2024) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Wicker v. Seterus, Inc.,*
No. 15-331, 2016 WL 2622017 (W.D. Tex. May 5, 2016) . . . . . . . . . . . . . . . . . . . . 6

*WSOU Invs. LLC v. ZTE Corp.,*
No. 20-487, 2022 WL 479131 (W.D. Tex. Feb. 16, 2022) . . . . . . . . . . . . . . . . . . . . 5

*Xiaohua Huang v. Huawei Techs. Co.,*
787 F. App'x 723 (Fed. Cir. 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5-7

*Statutes*

28 U.S.C. § 1338(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

# TABLE OF AUTHORITIES

*(continued)*

*Statutes*                                                                                                      *Page*

35 U.S.C. § 271(g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

35 U.S.C. § 286 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Other Authorities*

18 Wright et al., *Federal Practice and Procedure* § 4407 (3d ed. 2016) . . . . . . . . . . . . . . . . . . . 8

*Golden v. Google LLC,*
    No. 22-5246, Docket No. 1 (N.D. Cal. Sept. 14, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6

*Golden v. Google LLC,*
    No. 22-5246, Docket No. 11 (N.D. Cal. Oct. 26, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Golden v. Google LLC,*
    No. 22-5246, Docket No. 42 (N.D. Cal. Aug. 23, 2023) . . . . . . . . . . . . . . . . . . . . . 2, 6, 9

*Golden v. Google LLC,*
    No. 22-5246, Docket No. 44 (N.D. Cal. Sept. 7, 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Golden v. Google LLC,*
    No. 22-5246, Docket No. 76 (N.D. Cal. Sept. 9, 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Golden v. Google LLC,*
    No. 24-2024, Docket No. 44 (Fed. Cir. Sept. 2, 2025) . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Restatement (Second) of Torts § 491 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## INTRODUCTION

Plaintiff Larry Golden sued Google in the Northern District of California, and lost.  Mr. Golden now brings the same claims against Google in a new court—this Court.  But in any court, Mr. Golden cannot avoid res judicata and the *Kessler* doctrine, which bar him from relitigating the claims he has already lost.  In response to Google's previous motion to dismiss, plaintiff added a cause of action under 35 U.S.C. § 271(g), but this claim misreads the statute and fails under the correct reading.  Finally, Mr. Golden brings claims against self-driving cars belonging to Waymo.  But the complaint admits that Waymo is a different company from defendant Google and has been since 2016, well before any period of possible damages from this action.  Mr. Golden does not provide any indication why Google should be responsible for the actions of Waymo.  None exists.  The Court should dismiss this action.

## BACKGROUND

### A.    The Asserted Patents and Plaintiff's Litigation Campaign

Plaintiff Larry Golden holds twelve patents including the five he asserts in this action, U.S. Patent Nos. 8,334,761, 10,163,287, 10,984,619, 11,645,898, and RE43,891.  Since 2013, Mr. Golden has asserted his portfolio in an unsuccessful litigation campaign, filing fifteen complaints claiming infringement of eleven patents against the United States of America as well as Apple, Google, Intel, Qualcomm, and Samsung.[1]  None of Mr. Golden's claims have made it

---

[1] *Golden v. United States*, No. 13-307 (Fed. Cl. May 1, 2013); *Golden v. United States*, No. 19-104 (Fed. Cl. Jan. 17, 2019); *Golden v. Apple, Inc.*, No. 19-2557 (D.S.C. Sept. 11, 2019); *Golden v. Apple, Inc.*, No. 20-2270 (D.S.C. June 16, 2020); *Golden v. Apple, Inc.*, No. 20-4353 (D.S.C. Jan. 5, 2021); *Golden v. Google LLC*, No. 21-244 (D.S.C. Jan. 26, 2021); *Golden v. Qualcomm Inc.*, No. 22-3283 (N.D. Cal. June 6, 2022); *Golden v. Intel Corp.*, No. 22-3828 (N.D. Cal. June 28, 2022); *Golden v. Apple, Inc.*, No. 22-4152 (N.D. Cal. July 15, 2022); *Golden v. Google LLC*, No. 22-5246 (N.D. Cal. Sept. 14, 2022); *Golden v. Samsung Elecs. Am., Inc.*, No. 23-48 (N.D. Cal. Jan. 5, 2023); *Golden v. United States*, No. 23-185 (Fed. Cl. Feb. 7, 2023); *Golden v. United States*, No. 23-811 (Fed. Cl. May 31, 2023); *Golden v. Google LLC,* No.

past the pleading stage. *See id.* Mr. Golden's patents generally concern anti-terrorism; the patents-in-suit address "anti-terrorist detection and prevention systems," specifically, "a chemical/biological/radiological detector unit with a disabling locking system for protecting products that can be grouped into several product groupings, from terrorist activity, and also for preventing unauthorized access to and tampering with the storage and transport of ordnance and weapons." '287 patent at 1:57-63, 3:35-41; '761 patent at 1:19-24, 2:62 to 3:1; '619 patent at 1:52-57, 3:30-35; '898 patent at 1:56-61, 3:36-41; RE'891 patent at 1:39-44, 3:17-22.

## B.    Mr. Golden's Previous Litigation Against Google

In 2022, Mr. Golden filed suit against Google in the Northern District of California, claiming infringement of three patents on "anti-terrorist detection and prevention systems," including the '287 patent at issue here. *Golden v. Google LLC*, No. 22-5246, Docket No. 1 at 2 (N.D. Cal. Sept. 14, 2022). Google moved to dismiss, arguing that the complaint did not allege that Google's "devices themselves infringe," but claimed only that its "devices could infringe his patents if a user added another application, 'ATAK,' made not by Google, but by the U.S. military." *Id.*, Docket No. 11 at 5:6-8. The Court granted Google's motion with leave to amend, holding "[t]hat a device is capable of being modified to operate in an infringing manner is not sufficient, by itself, to support a finding of infringement." *Golden v. Google LLC*, No. 22-5246, 2023 WL 5154513, at *1, *3 (N.D. Cal. Aug. 10, 2023).

Mr. Golden amended his complaint, providing additional allegations and adding a new patent, the '619 patent at issue here. *Id.*, Docket No. 42 at 2-3. Google filed a second motion to dismiss (*id.*, Docket No. 44), which the Court granted without leave to amend. *Id.*, 2024 WL

---

25-434 (W.D. Tex. Sept. 18, 2025); *Golden v. Samsung Elecs. Am., Inc.,* No. 25-596 (W.D. Tex. Dec. 22, 2025).

1880336, at *4-5 (N.D. Cal. Apr. 3, 2024).  Mr. Golden appealed.  *Golden v. Google LLC*, No. 24-2024, 2025 WL 1752485 (Fed. Cir. June 25, 2025).  The Federal Circuit affirmed, finding no infringement because "Mr. Golden's infringement allegations require modification of the accused products to show infringement," and finding that "the district court did not err in finding that Mr. Golden fails to adequately allege joint infringement."  *Id*. at *3.  Mr. Golden filed petitions for rehearing and rehearing *en banc*, which the Court denied.  *Golden v. Google LLC*, No. 24-2024, Docket No. 44 (Fed. Cir. Sept. 2, 2025).  On September 9, the Court of Appeals issued its mandate affirming the Northern District of California's complete dismissal of Mr. Golden's previous complaint.  *Golden v. Google*, No. 22-5246, Docket No. 76 (N.D. Cal. Sept. 9, 2025).

## C.    Mr. Golden's Original Complaint in This Action

Nine days after the Federal Circuit issued its mandate in the previous action, Mr. Golden filed this action.  Docket No. 1.  Although his complaint acknowledged his previous losses in the Northern District of California and the Federal Circuit, *e.g.*, *id.* at 15, 16, 17, and although he previously asserted two of the pending five patents against Google in those cases, *see id.*, Mr. Golden filed this action here, rather than in the Northern District of California.  *See id.*  Mr. Golden admitted his losses in the previous action, but did not admit the effect of those losses.  Instead, he claimed that his previous losses enable, rather than preclude, his current claims.  Mr. Golden alleged that, when the previous courts found no infringement because his "allegations require[d] modification of the accused products to show infringement" and that he "fail[ed] to adequately allege joint infringement," *Golden v. Google*, 2025 WL 1752485, at *3, what they actually meant was that "'joint infringement' is established when Google was found to have controlled the 'manner or timing' of the third-party's modification or performance," and that "infringement occurs when a mobile, consumer, or cellular device is integrated with, or

– 3 –

interconnected to, a CBRNE-H detection capability," Mr. Golden's term for functionality he claims his patents cover.  Docket No. 1 at 9.  As a result, Mr. Golden alleged, "Google has inadvertently litigated itself into a situation of greater liability."  *Id.* at 18.  Mr. Golden claimed that "Google's potential liability" includes "all the Actors in Google's Android Ecosystem performing a required step."  *Id.*  Thus Mr. Golden alleged that his claims, which the Northern District dismissed because they required modification of Google's accused devices, should proceed in this Court *because* they require modification of Google's accused devices.

D.     **Google's Motion to Dismiss and Mr. Golden's Amended Complaint**

On December 1, 2025, Google moved to dismiss the complaint.  Docket No. 13.  Google explained that res judicata and the *Kessler* doctrine barred Counts I and II, and that all claims in the complaint failed to state a claim.  *See id.*  Plaintiff filed his opposition on December 8, Docket No. 14, and Google filed its reply on December 15.  Docket No. 16.

On December 23, 2025, plaintiff filed an amended complaint.  Docket No. 18 ("Am. Compl.").  Later that day, the Court entered an order mooting Google's motion to dismiss plaintiff's original complaint.  The amended complaint includes the statements and allegations of the original complaint, and adds Count VII "to correct the original of not including a cause of action or claim of alleged infringement under 35 U.S.C. § 271(g)."  Am. Compl. at 2.  Count VII claims that Google is "allegedly 'infringing' before import and importing Plaintiff's patented process that allegedly infringes" the '287 and '619 patents.  *Id.* at 36 ¶ 56; *see id.* at 36-37.  The amended complaint confirms that the original complaint's claim charts "are also valid for the alleged infringement under Sec. 271(g)."  *Id.* at 38.

## ARGUMENT

### I.    The Court Should Rule on Google's Motion to Transfer Before This Motion

"[O]nce a party files a transfer motion, disposition of that motion should take top priority in the case." *In re Apple Inc.*, 979 F.3d 1332, 1343 (Fed. Cir. 2020); *see also, e.g., Space Expl. Techs., Corp. v. Nat'l Lab. Rels. Bd.*, 129 F.4th 906, 911 (5th Cir. 2025).  This Court accordingly "prioritize[s] deciding transfer motions before reaching the merits of the case." *WSOU Invs. LLC v. ZTE Corp.*, No. 20-487, 2022 WL 479131, at *1 (W.D. Tex. Feb. 16, 2022).  Doing so is particularly appropriate in this action, which Mr. Golden filed after receiving adverse rulings from the Northern District of California, and where Google asserts those adverse rulings are res judicata here.  Google's motion to transfer is fully briefed and ready for decision.  *See* Docket Nos. 15, 19, 21.  This Court should rule on Google's motion to transfer before this motion.

### II.    The Court Should Dismiss Counts I, II, and VII of Plaintiff's Complaint

#### A.    Res Judicata Bars Counts I, II, and VII

"Res judicata 'bars the litigation of claims that either have been litigated or should have been raised in an earlier suit.'" *In re Vitro Asset Corp.*, 656 F. App'x 717, 723 (5th Cir. 2016) (quoting *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir. 1999)).  "The test for claim preclusion has four elements:  (1) the parties in the subsequent action are identical to, or in privity with, the parties in the prior action; (2) the judgment in the prior case was rendered by a court of competent jurisdiction; (3) there has been a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits." *Duffie v. United States*, 600 F.3d 362, 372 (5th Cir. 2010) (citing *Petro–Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004)).  "Claim preclusion in a patent case typically exists when a patentee attempts to assert the same patent against the same party and the same subject matter.  Subject matter is the same for

claim preclusion purposes if the earlier accused devices and the devices accused in the current action are 'essentially the same.'" *Xiaohua Huang v. Huawei Techs. Co.*, 787 F. App'x 723, 726 (Fed. Cir. 2019) (citation omitted) (quoting *Foster v. Hallco Mfg. Co.*, 947 F.2d 469, 479-80 (Fed. Cir. 1991)). "[D]ismissal under Rule 12(b)(6) is proper if the elements of res judicata are apparent 'based on the facts pleaded and judicially noticed,'" and this Court can resolve "the issue of res judicata by relying only on the facts pleaded in Plaintiff's Complaint and the judicially noticed record in the prior lawsuits." *Wicker v. Seterus, Inc.*, No. 15-331, 2016 WL 2622017, at *4 (W.D. Tex. May 5, 2016) (quoting *Hall v. Hodgkins*, 305 F. App'x 224, 227-28 (5th Cir. 2008)); *see, e.g.*, *Herrmann v. Bridger*, No. 24-545, 2024 WL 4849079, at *3-4 (W.D. Tex. Nov. 20, 2024); *Avila v. Ocwen Loan Servicing, LLC*, No. 14-460, 2014 WL 12580450, at *2-3 (W.D. Tex. June 6, 2014).

All four elements are present here regarding Counts I, II, and VII. The parties are identical: Mr. Golden and Google. *Compare* Am. Compl., *with Golden v. Google*, No. 22-5246, Docket No. 1 (N.D. Cal. Sept. 14, 2022). The Northern District of California had jurisdiction over the previous case, 28 U.S.C. § 1338(a), and issued a final "[d]ismissal under 12(b)(6)," which "constitutes a final judgment on the merits." *Wade v. Household Fin. Corp.*, No. 17-148, 2017 WL 2533535, at *3 (W.D. Tex. June 8, 2017); *see Golden v. Google*, 2024 WL 1880336. The cause of action is involved in both suits: Mr. Golden claimed infringement of the '287 and '619 patents by Android devices and Google Tensor chips. *See Golden v. Google*, No. 22-5246, Docket No. 42 at 16-17 ¶¶ 45-50; *id.*, Docket No. 42 Exs. B, C, D; Am. Compl. at 11-19, 25-29. Mr. Golden seeks "to prove infringement of the same claim limitations as to the same features of the accused devices," which is "the exact situation that *res judicata* seeks to prevent." *Nystrom v. Trex Co.*, 580 F.3d 1281, 1286 (Fed. Cir. 2009). "Any alleged difference between the accused

products in each case is therefore unrelated to the limitations in the claim of the patents." *Huang*, 787 F. App'x at 726 (citing *Acumed LLC v. Stryker Corp.*, 525 F.3d 1319, 1324 (Fed. Cir. 2008)).

The Court can and should dismiss these claims for another reason as well. "[C]laim preclusion prevents parties from raising issues that could have been raised and decided in a prior action—even if they were not actually litigated. If a later suit advances the same claim as an earlier suit between the same parties, the earlier suit's judgment 'prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'" *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 590 U.S. 405, 412 (2020) (quoting *Brown v. Felsen*, 442 U.S. 127, 131 (1979)). "It is well established that a party may not split a cause of action into separate grounds of recovery and raise the separate grounds in successive lawsuits; instead, a party must raise in a single lawsuit all the grounds of recovery arising from a single transaction or series of transactions that can be brought together." *Mars Inc. v. Nippon Conlux Kabushiki-Kaisha*, 58 F.3d 616, 619 (Fed. Cir. 1995).

Applying these rules, the Court should dismiss Counts I, II, and VII. Count I alleges infringement of the '287 patent, claims the Northern District of California previously resolved against Mr. Golden. Am. Compl. at 25-27; *see supra* § B. Count II alleges infringement of the '619 patent, again, claims the Northern District of California has already resolved against Mr. Golden. Am. Compl. at 27-29; *see supra* § B. Counts I and II thus cannot survive res judicata, as plaintiff appears to acknowledge by pleading new Count VII under 35 U.S.C. § 271(g), and asserting that "[i]nfringement under 35 U.S.C. § 271(g) was never litigated or argued in the Northern District of California Court, therefore, a final decision was never made on this issue." Am. Compl. at 3. But Count VII fares no better against res judicata than Counts I and II.

Plaintiff admits that he "never litigated or argued" claims of "[i]nfringement under 35 U.S.C.

§ 271(g)" in the prior action, but also admits that his claim charts supporting Counts I and II "are

also valid for the alleged infringement under Sec. 271(g)" asserted in Count VII.  Am. Compl.

at 3, 38.  Plaintiff thus admits that Count VII, like Counts I and II, was before the Northern

District or "could have been raised and decided" in the Northern District and thus fails under res

judicata.  *Lucky Brand*, 590 U.S. at 412.  Plaintiff thus cannot seek "'a different judgment in the

second action [that] would impair or destroy rights or interests established by the judgment

entered in the first action.'"  *Id.* at 413 (quoting 18 Wright & Miller, *Federal Practice and

Procedure* § 4407 (3d ed. 2016)).  The Court should dismiss Counts I, II, and VII for this reason.

## B.    The *Kessler* Doctrine Bars Counts I, II, and VII

"In *Kessler v. Eldred*, the Supreme Court adopted an enlargement of traditional claim and

issue preclusion doctrines to further preserve the utility of previous judgments of non-

infringement by holding that a prior judgment of non-infringement would bar new infringement

claims for post-judgment acts, against third parties, and covering very similar accused devices."

*Golden v. United States*, 171 Fed. Cl. 33, 37 (2024) (citing *Kessler v. Eldred*, 206 U.S. 285

(1907)), *aff'd*, No. 24-2256, 2025 WL 900873 (Fed. Cir. Mar. 24, 2025).  "The purpose of this

doctrine is to '[allow] an adjudged non-infringer to avoid repeated harassment for continuing its

business as usual post-final judgment in a patent action where circumstances justify that result.'"

*Red Rock Analytics, LLC v. Apple Inc.*, No. 21-346, 2021 WL 5828368, at *2 (W.D. Tex. Dec. 8,

2021) (alteration in original) (quoting *In re PersonalWeb Techs. LLC,* 961 F.3d 1365, 1376 (Fed.

Cir. 2020)).  "A patent infringement claim is precluded under the *Kessler* doctrine when (1) the

defendant is an adjudged non-infringer and (2) 'the earlier judgment held that "essentially the

same" accused activity did not infringe the patent.'"  *Red Rock*, 2021 WL 5828368, at *2

(quoting *SimpleAir, Inc. v. Google LLC*, 884 F.3d 1160, 1170 (Fed. Cir. 2018)); *see also, e.g.*, *Wis. Alumni Rsch. Found. v. Apple Inc.*, 112 F.4th 1364, 1386 (Fed. Cir. 2024).  Courts routinely dismiss under the *Kessler* doctrine at the pleading stage, including twice in cases involving Mr. Golden.  *E.g.*, *Golden v. United States*, 171 Fed. Cl. at 37; *Golden v. Samsung Elecs. Am., Inc.*, No. 23-48, 2023 WL 3919466, at *2 (N.D. Cal. June 8, 2023); *see also Seven Networks, LLC v. Motorola Mobility LLC,* No. 21-1036, 2022 WL 426589 (N.D. Tex. Feb. 10, 2022).

Both elements of the *Kessler* doctrine are present here.  The Northern District's dismissal of Mr. Golden's prior action, *Golden v. Google*, 2024 WL 1880336, at *4-5, was a "dismissal with prejudice" that "has a preclusive effect under the *Kessler* doctrine," making Google an adjudged non-infringer.  *Askan v. FARO Techs., Inc.*, No. 22-2117, 2023 WL 4101351, at *3 (Fed. Cir. June 21, 2023); *see id.* at *3-4 (collecting cases).  And the "earlier judgment" in the Northern District of California "held that 'essentially the same' accused activity did not infringe" Mr. Golden's patents asserted in this action.  *Red Rock*, 2021 WL 5828368, at *2.  In his previous California action, Mr. Golden claimed infringement by Android devices and Google Tensor chips.  *E.g.*, *Golden v. Google*, No. 22-5246, Docket No. 42 at 16-17 ¶¶ 45-50; *id.*, Docket No. 42 Exs. B, C, D.  In this action, Mr. Golden also claims infringement by Android devices and Google Tensor chips, which are either the "originally accused products" or "subsequent versions" of those products with "'no material differences' between the accused products in each suit"; the *Kessler* doctrine precludes both.  *Wis. Alumni*, 112 F.4th at 1386 (quoting *Brain Life, LLC v. Elekta Inc.*, 746 F.3d 1045, 1058 (Fed. Cir. 2014)); *see Askan*, 2023 WL 4101351, at *5; *see, e.g.*, Am. Compl. at 11-19, 25-29, 36-37, Ex. A.  Again, any attempt to save Count VII from the *Kessler* doctrine founders on plaintiff's admission that his claim charts supporting Counts I and II "are also valid for" Count VII.  Am. Compl. at 38.  The Court should dismiss these claims.

### C.       Counts I and II Fail to State a Claim of Joint Infringement

Should the Court examine Counts I and II without considering res judicata or the *Kessler*

doctrine, it will still find that they fail "to state a claim upon which relief can be granted." Fed.

R. Civ. P. 12(b)(6).  To avoid dismissal, "a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'"  *G&G Closed-Cir.*

*Events, LLC v. Kelpim, Inc.*, No. 24-408, 2025 WL 3769290, at *1 (W.D. Tex. Aug. 31, 2025)

(quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)).  "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.  Mr. Golden's do not.

Counts I and II allege joint infringement.  *See* Am. Compl. at 25-29.  The asserted '619

and '287 patents include only system claims, and claims of joint infringement can apply only to

method claims.  *See* Am. Compl. Exs. D, E; *Lyda v. CBS Corp.*, 838 F.3d 1331, 1339 (Fed. Cir.

2016) (citing *Centillion Data Sys. LLC v. Qwest Commc'ns Int'l Inc.*, 631 F.3d 1279, 1284 (Fed.

Cir. 2011)).  The complaint acknowledges that it seeks to recast system claims as method claims,

Am. Compl. at 18, but does not explain how this recasting would work or how the law allows it.

That is no surprise:  it doesn't work, and the law doesn't allow it.  *E.g., Lyda*, 838 F.3d at 1339.

Second, even assuming that the patents included method claims, the complaint admits

that it cannot allege joint infringement.  "While a typical claim of direct infringement requires

proof that a defendant performs each step of the claimed method, joint infringement requires

more." *Lyda*, 838 F.3d at 1338.  "To prove joint infringement, where multiple actors are involved

in practicing the claim steps, the patent owner must show that the acts of one party are

attributable to the other such that a single entity is responsible for the infringement.  This court

has held that an entity will be responsible for others' performance of method steps in two

circumstances: '(1) where that entity directs or controls others' performance, and (2) where the actors form a joint enterprise.'" *Id.* at 1338-39 (quoting *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015)).

Although the complaint spends many pages discussing joint infringement, *e.g.,* Am. Compl. at 4-20, it does not provide the allegations necessary to support this claim. To the contrary, the complaint admits on its face that its allegations cannot suffice to claim joint infringement. The complaint states that "Google allegedly directs control of the manner and/or timing of an actor(s) because it is Google who controls its allegedly infringing Google Tensor Series G1-G5 CPUs and Google Android Open-Source Operating Systems', release of source codes that describes and controls the third party's performance [modification] parameters." *Id.* at 13 (brackets in original); *see also, e.g.*, *id.* at 25 ¶ 1; *id.* at 27 ¶ 12. In other words, Mr. Golden alleges that Google makes products, publishes specifications and source code for those products, and by doing so allows others to build allegedly infringing products. *See id.* That is the same argument Mr. Golden made in his previous litigation—and lost before the Northern District and the Federal Circuit. *See supra* § B. Mr. Golden cannot avoid those rulings by claiming that allowing interoperable products constitutes "direct[ing] or control[ling] others' performance" under *Akamai* and thus supports joint infringement, which would eviscerate the long-standing doctrine that there can be "no infringement when the accused products 'do not infringe without modification—the modification of installing the required software.'" *Golden v. Google*, 2025 WL 1752485, at *3 (quoting *Nazomi Commc'ns, Inc. v. Nokia Corp.*, 739 F.3d 1339, 1346 (Fed. Cir. 2014)). Mr. Golden does not allege anything beyond interoperability, *e.g.*, Am. Compl. at 5-13, nor could he; his allegations cannot suffice and the Court should dismiss them.

Finally, Mr. Golden briefly alleges a "joint enterprise" between Google and "the United States government." Am. Compl. at 25 ¶ 4; 28 ¶ 15. These allegations also fail. To claim a joint enterprise, a plaintiff must allege: "(1) an agreement, express or implied, among the members of the group; (2) a common purpose to be carried out by the group; (3) a community of pecuniary interest in that purpose, among the members; and (4) an equal right to a voice in the direction of the enterprise, which gives an equal right of control." *Akamai*, 797 F.3d at 1023 (citing Restatement (Second) of Torts § 491 cmt. c). To meet these elements, Mr. Golden provides only a portion of an apparent news article stating that Google has participated in a government procurement process which, even assuming its truth, does not plausibly allege any of the facts necessary to make this showing. Am. Compl. at 15. Beyond that, Mr. Golden provides only "conclusory allegations, unwarranted deductions, or legal conclusions," *Anderson v. 21st Mortg. Corp.*, No. 15-200, 2016 WL 11582928, at *2 (W.D. Tex. Sept. 26, 2016), the kind of "formulaic recitation of the elements of a cause of action" that "will not do.'" *Windmann v. Sun Life Assurance Co. of Canada*, No. 16-61, 2016 WL 11591768, at *1 (W.D. Tex. Dec. 15, 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### D.    Count VII Admits It Cannot State a Claim of Infringement

Should the Court examine Count VII without considering res judicata or the *Kessler* doctrine, it will find that Count VII admits it cannot state a claim. *See G&G*, 2025 WL 3769290, at *1; *see supra* § II.C. Count VII alleges a violation of 35 U.S.C. § 271(g), which bars importation or sale of "a product which is made by a process patented in the United States" (*id.*), and claims that Google is importing and selling "products, which are made by Plaintiff's process patented in the United States." Am. Compl. 36 ¶ 57. But the complaint confirms that § 271(g) cannot apply to the patents plaintiff asserts, because "the Federal Circuit has not expanded the

application of Section 271(g) beyond methods of manufacture," and the patents do not claim either methods or anything about manufacture. *Bayer AG v. Housey Pharms., Inc.*, 169 F. Supp. 2d 328, 330 (D. Del. 2001), *aff'd*, 340 F.3d 1367 (Fed. Cir. 2003). The '619 and '287 patents include only system claims (Am. Compl. Exs. D, E), and those claims cannot support allegations of infringement under § 271(g). "Section 271(g) addresses only products derived from patented **manufacturing processes**, i.e., methods of actually making or creating a product." *Bayer AG*, 169 F. Supp. 2d at 330 (emphasis in original); *see, e.g.*, *Syngenta Crop Prot., LLC v. Willowood, LLC*, 944 F.3d 1344, 1362 (Fed. Cir. 2019). To support allegations of infringement under § 271(g), a patent claim must address how to "manufacture" the allegedly infringing product. *Syngenta*, 944 F.3d at 1362. But the '619 and '287 patents do nothing of the sort; they claim a manufactured product, not "methods of actually making or creating a product." *Bayer AG*, 169 F. Supp. 2d at 330; *see* Am. Compl. Exs. D, E. As a result, even if these patents claimed "a process patented in the United States" (which they do not), one could not use that claimed "process" to build anything, let alone an allegedly infringing product. 35 U.S.C. § 271(g); *see* Am. Compl. Exs. D, E. The complaint admits as much: plaintiff's claim charts for the '619 and '287 patents claim only aspects of a manufactured product, and not "methods of actually making or creating a product." *Bayer AG*, 169 F. Supp. 2d at 330; *see* Am. Compl. Ex. A at 3-21. The amended complaint thus confirms that it cannot state a claim under 35 U.S.C. § 271(g).

## III.    The Court Should Dismiss Counts III through VI of Plaintiff's Complaint

### A.    Counts IV Through VI Admit That Google Does Not Infringe

Counts IV through VI accuse "Self-Drive Vehicles." Am. Compl. at 32-36; *id.* Ex. B. Although the complaint refers to "Google Self-Drive Vehicles" and accuses "Google, LLC," *e.g.*, *id.* at 32 ¶¶ 35, 37, the complaint admits that any "Self-Drive Vehicles" come from Waymo LLC,

a separate company.  The complaint notes that "Waymo LLC, formerly known as the Google Self-Driving Car Project, is an American autonomous driving technology company headquartered in Mountain View, California.  It is a subsidiary of Alphabet Inc., Google's parent company." *Id.* at 21.  The "References" section of the complaint refers to articles confirming that Waymo and Google are separate companies.  *See id.* at 40-42.  The complaint notes that "[i]n December 2016, the project was renamed Waymo and spun out of Google as part of Alphabet," and alleges that "Waymo, as of 2025, operates commercial robotaxi services" in various cities. *Id.* at 21.  And Mr. Golden's claim charts supporting these accounts accuse "Google [Waymo]" of infringement.  Am. Compl. Ex. B. at 3, 4, 5, 6, 7, 9, 12, 14 (brackets in original).

The complaint therefore cannot state a claim against Google.  Mr. Golden does not claim that Google itself provides any "Self-Drive Vehicles."  Am. Compl. at 21; *see supra*.  Patent plaintiffs may not recover "for any infringement committed more than six years prior to the filing of the complaint," 35 U.S.C. § 286; Mr. Golden brought this case on September 18, 2025, and so any allegations that Waymo vehicles infringed Mr. Golden's patents prior to the Waymo spinoff "[i]n December 2016," Am. Compl. at 21, are "properly dismissed by the district court." *Standard Oil Co. v. Nippon Shokubai Kagaku Kogyo Co.*, 754 F.2d 345, 348 (Fed. Cir. 1985); *see, e.g., Hemphill v. Johnson & Johnson*, 550 F. App'x 890 (Fed. Cir. 2014).  The complaint itself confirms that Mr. Golden cannot state a claim against defendant Google on Counts IV through VI, and the Court should therefore dismiss them.

### B.    Count III Admits That Google Does Not Infringe

Count III fails for two reasons.  First, it fails to allege joint infringement for the same reasons as Claims I and II.  *See supra* § II.C.  Second, it fails to allege direct infringement.  In Count III, Mr. Golden asserts the same '898 patent he also asserts in Count VI.  But while Count

VI accuses Waymo's "Self-Drive Vehicles," *see supra*, Count III accuses Google's Tensor chips, but does so by assuming the existence of other modifications, not from Google, that Mr. Golden admits are required for infringement.  Among other things, Mr. Golden claims that infringement requires an accused "Android digital car key" and "NFC or UWB tech in newer smartphones," which Mr. Golden claims work with "numerous vehicles from various automakers."  Am. Compl. Ex. A at 28.  Mr. Golden does not claim that Google supplies any of these things, *see id.*, but his allegations depend on their addition to the accused "Tensor Processing Units" from Google.  *See id.*  Count III thus makes the same error Mr. Golden made in the previous action.  Alleging "[t]hat a device is capable of being modified to operate in an infringing manner is not sufficient, by itself, to support a finding of infringement."  *Golden v. Google*, 2023 WL 5154513, at *3 (quoting *Telemac Cellular Corp. v. Topp Telecom, Inc.*, 247 F.3d 1316, 1330 (Fed. Cir. 2001)).  That was so in the previous case, and remains so now.  The Court should dismiss Count III for the same reasons that the Northern District of California dismissed Mr. Golden's prior action.

## IV.     The Court Should Deny Leave to Amend

Should the Court grant Google's motion to dismiss plaintiff's amended complaint, it has "sound discretion" to "grant or deny leave to amend" to plaintiff.  *Artesia Springs, LLC v. DS Waters of Am., Inc.*, No. 14-791, 2015 WL 12712643, at *5 (W.D. Tex. Jan. 13, 2015) (quoting *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 232 (5th Cir. 2012)).  Although Google recognizes that this is an unusual request, and particularly so against a *pro se* plaintiff, Google respectfully submits that under the circumstances of this case the Court should exercise its discretion to deny leave to amend, because Mr. Golden's infringement theory confirms that amendment would be futile.  "Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint unless he has already pled his 'best case.'"  *Muhammad v. Wiles*, No.

19-51, 2023 WL 3143434, at *6 (W.D. Tex. Feb. 14, 2023) (citing *Brewster v. Dretke*, 587 F.3d 764, 767-768 (5th Cir. 2009)).  But "a court need not allow a plaintiff to amend a complaint if the amendment would be futile."  *Ireland v. Simmons*, No. 25-162, 2025 WL 3776816, at *5 (W.D. Tex. Dec. 31, 2025) (citing *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000)).  Mr. Golden's amended complaint is nearly identical to his original, except for the addition of a single cause of action.  *Compare* Docket No. 1 *with* Am. Compl.; *see supra* § D.  And in response to Google's first motion to dismiss, Mr. Golden failed to address most of Google's arguments, and failed to overcome any of them.  Where "[p]laintiff's motion responses contain no arguments or facts that could overcome the infirmities," explained in a motion to dismiss, "he has indeed pled his best case."  *Ireland*, 2025 WL 3776816, at *5 (citing *Brewster*, 587 F.3d at 768).  For all these reasons, the Court should exercise its discretion to deny plaintiff further leave to amend the amended complaint.

## CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court dismiss this action, and deny plaintiff further leave to amend the amended complaint.

Date:  January 6, 2026

Respectfully submitted,

*/s/ Brian C. Banner*
Brian C. Banner (State Bar No. 24059416)
Valerie K. Barker (State Bar No. 24087141)
SLAYDEN GRUBERT BEARD PLLC
401 Congress Avenue, Suite 1650
Austin, Texas, 78701
+1 (512) 402-3550
+1 (512) 402-6865 facsimile
bbanner@sgbfirm.com
vbarker@sgbfirm.com

Matthew S. Warren
Erika Warren
WARREN KASH WARREN LLP

2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-434@cases.warrenlex.com

*Attorneys for Defendant Google LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2026, I served the foregoing Defendant Google LLC's

Motion to Dismiss Amended Complaint on the plaintiff Larry Golden by First Class Mail at the

following address:

Larry Golden
740 Woodruff Road, No. 1102
Greenville, South Carolina, 29607

by placing it in a sealed envelope with postage paid and placing the envelope in the exclusive

custody of the United States Postal Service.

On the same day, I also sent a courtesy copy of this document by electronic mail to Mr.

Golden at atpg-tech@charter.net.

Kailey Fung