FILED
January 07, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____cap_____
                    DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

Larry Golden, *Pro Se* Plaintiff

740 Woodruff Rd., #1102

Greenville, SC 29607

Phone (864) 992-7104

Email: atpg-tech@charter.net

| | |
|---|---|
| LARRY GOLDEN,<br><br>            Plaintiff,<br><br>        v.<br><br>GOOGLE LLC<br><br>            Defendant. | CASE NO: 6:2025cv00434-LS<br><br>**JURY TRIAL DEMANDED**<br><br>**(Infringement: 35 U.S.C § 271(g))**<br>**(Joint Patent Infringement)**<br>**(Direct Patent Infringement),**<br>**(Willful Patent Infringement),** |

**PLAINTIFF'S NOTICE OF RELATED FILINGS AND
REQUEST FOR JUDICIAL NOTICE**

January 5, 2026

**Infringement Under 35 U.S.C § 271(g)**

> "Whoever without authority imports into the United States or offers to sell, sells, or uses within the United States a product which is made by a process patented in the United States shall be liable as an infringer, if the importation, offer to sell, sale, or use of the product occurs during the term of such process patent."

Plaintiff alleged the original design manufacturers (ODMs), and the original equipment manufacturers (OEMs), (i.e., Google, Samsung, Apple, LG, Qualcomm, and other third-party Government contractors—Rhevision, SeaCoast, NASA, Genel, Synkera), are responsible for *"modifying"* the cell phone into what is recognized today, throughout the world as the "smartphone".

The United States impliedly authorized and consented to Google and Samsung *"modifying"* the cell phone to include a CBRNE-H detection capability. Under the Department of Homeland Security's Science and Technology Directorate (DHS S&T), BAA07-10 *Cell-All Ubiquitous Biological and Chemical Sensing* initiative [published 10/30/2007], Google and Samsung was also impliedly authorized to commercialize (i.e., to use, offer for sell, sell, or import for sell) Plaintiff's patented communicating, monitoring, detecting and controlling (CMDC) device (i.e., a new, improved upon, *"modified"* cell phone, or smartphone).

> "Qualcomm's role has been to develop a smartphone app and the associated network software for processing data. Smartphone users can download the app from Google Play and, eventually, from Apple's iTunes store, so *Cell-All* will be operational on all phones [including Google and Samsung phones] using either Google's Android or Apple's iPhone operating systems." [1]

---

[1] Torin Monahana & Jennifer T. Mokos, (2013, Mar. 7). *"Crowdsourcing urban surveillance: The development of homeland security markets for environmental sensor networks"*. Department of Communication Studies, The University of North Carolina at Chapel Hill, CB# 3285, 115 Bingham Hall, Chapel Hill, NC 27599-3285, USA. Department of Human & Organizational Development, Vanderbilt University, Peabody #90, 230 Appleton Place, Nashville, TN 37203-5721, USA

In the related case, attached as *Exhibit A*, *Golden v. Samsung Electronics America, Inc.*, WDOT Case No. 25-0596-DAE filed on 12/22/2025, whereby Golden alleges Samsung infringes valid patent claims of at least Golden's '619 patent; '287 patent; '439 patent; and, '189 patent that discloses a new, improved upon, and useful cell phone; and imports or uses the *"modified"* cell phones that are made by Plaintiff's patented process without authorization.

Plaintiff alleges Google imports or ships into the United States *"modified"* cell phones that are made by Plaintiff's patented process without authorization.

**Joint Infringement**

Google is liable for Samsung's performance of method step if (1) it "contracts with Samsung to perform one or more steps of a claimed method," (2) "the actors (Google and Samsung) form a joint enterprise," or (3) Google "conditions participation in an activity or receipt of a benefit upon performance of a step or steps of a patented method and establishes the manner or timing of that performance;" which are questions of fact. TechStory below:

> "Google is preparing to launch its next-generation Tensor G5 processor with the upcoming Pixel 10 series. While the Tensor G5 marks a significant departure from past models by being fabricated by TSMC instead of Samsung Foundry, the relationship between Google and Samsung is far from over. In fact, the new chip and the Pixel 10 hardware as a whole still carries the unmistakable fingerprints of Samsung, despite headlines suggesting a full break.
>
> Since 2021, Google's custom Tensor chips have been co-developed and manufactured by Samsung using its foundry and IP. However, Google has reportedly decided to move production to TSMC, the world's leading chip fabricator, starting with the Tensor

3

G5 ... TSMC's cutting-edge fabrication nodes are known for their power efficiency and performance, and Google appears eager to leverage these strengths.

Despite the change in fabrication, the Tensor G5 will still rely on a Samsung component critical to mobile performance its modem. Leaks suggest that the Pixel 10 Pro, powered by Tensor G5, will use Samsung's Exynos 5400 5G modem, the same hardware used in earlier Tensor chips and in Samsung's own Exynos 2400 platform found in the Galaxy S24 series.

Rather than a clean break from Samsung, Google seems to be pursuing a hybrid approach diversifying suppliers while maintaining continuity in proven areas like modem technology and memory. This hybrid model also allows Google to better control costs, component supply chains, and performance consistency, especially as it scales up Tensor development."

https://techstory.in/googles-upcoming-tensor-chip-maintains-a-connection-to-samsung-even-with-the-transition-to-tsmc/

"Direct infringement under § 271(a) occurs where all steps of a claimed method are performed by or attributable to a single entity.... Section 271(a) is not limited solely to principal-agent relationships, contractual arrangements, and joint enterprise. Rather, to determine direct infringement, the Fed. Circuit consider whether all method steps can be 'attributed to a single entity'." *Akamai Tech. IV* (Fed. Cir. 08/13/15) (en banc).

**Induced Infringement**

Google has allegedly indirectly infringed valid patent claims of at least Golden's '619 patent; '287 patent; '439 patent; and, '189 patent that discloses a

new, improved upon, and useful cell phone in this District and elsewhere in the United States by, among other things, actively inducing the use, offering for sale, selling, or importation of at least the Google Android Open-Source Operating System and induced the "use" of the Google Android "Source Code" (Accused Products). Google's customers (Samsung, etc.) who purchase android devices and components thereof and operate such android devices and components in accordance with Google's instructions directly infringe one or more valid patent claims of at least Golden's '619 patent; '287 patent; '439 patent; and, '189 patent in violation of 35 U.S.C. § 271(b).

Google instructs its customers (Samsung, etc.) through advertisements, user guides or websites. Google is thereby liable for induced infringement of the valid patent claims of at least Golden's '619 patent; '287 patent; '439 patent; and, '189 patent that discloses a new, improved upon, and useful cell phone pursuant to 35 U.S.C. § 271(b).

> At least 1,750 smartphones and other devices run on Android, an open-source operating system. Android began in 2003 as a project of the American technology company Android Inc., to develop an operating system for digital cameras. In 2004 the project changed to become an operating system for smartphones. Android Inc., was bought by the American search engine company Google Inc., in 2005. At Google, the Android team decided to base their project on Linux, an open-source operating system for personal computers.
> https://en.wikipedia.org/wiki/List_of_Android_smartphones

**Contributory Infringement**

Google has allegedly indirectly infringed valid patent claims of at least Golden's '619 patent; '287 patent; '439 patent; and, '189 patent that discloses a

new, improved upon, and useful cell phone in this District and elsewhere in the United States by, among other things, contributing to the direct infringement of others, including OEM's like Samsung, of the Google Android Open-Source Operating System and induced the "use" of the Google Android "Source Code" (Accused Products), by making, offering to sell, or selling, in the United States, or importing as components of a patented *"modified"* cell phone, or apparatuses for use in practicing the patented process of making a patented *"modified"* cell phone; constituting material parts of the a patented *"modified"* cell phone invention, knowing the same to be especially made or especially adapted for use in infringement of the '619, '287, '439, and '189 patents, and not staple articles or commodities of commerce suitable for substantial non-infringing use.

    For example, the '619, '287, '439, and '189 Accused Google Products include hardware and software for implementing at least Samsung's CBRNE-H sensing functionality. These are components of a patented *"modified"* cell phone or apparatuses for use in practicing Plaintiff's patented process. Furthermore, these components are a material part of the Samsung *"modified"* cell phone invention and upon information and belief are not a staple article or commodity of commerce suitable for substantial non-infringing use. Thus, Samsung is liable for contributory infringement of the '619, '287, '439, and '189 patents pursuant to 35 U.S.C. § 271(c).

    Sincerely,

    s/ *Larry Golden*

    Larry Golden, *Pro Se* Plaintiff
    740 Woodruff Rd., #1102
    Greenville, SC 29607
    Email: atpg-tech@charter.net

6

## **VERIFICATION**

### **Pursuant to 28 U.S.C. § 1746**

I, Larry Golden, over the age of 18, competent to testify, and having firsthand knowledge of the facts stated herein, do hereby declare, certify, verify, affirm, and state under penalty of perjury under the laws of the United States of America, that the foregoing statements are true, correct, and complete to the best of my understanding, knowledge, and belief, and made in good faith.

Executed and signed this 5th day of January, 2026, with all rights reserved and without recourse and without prejudice; is this "verification" for "Plaintiff's Notice of Related Filings and Request for Judicial Notice".

s/ *Larry Golden*

Larry Golden, Pro Se
740 Woodruff Rd., #1102
Greenville, South Carolina 29607
E-mail: atpg-tech@charter.net
(M) 864-992-7104

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 5th day of January, 2026, a true and correct copy of the foregoing "Plaintiff's Notice of Related Filings and Request for Judicial Notice", was served upon the following Defendant via express mail:

>Brian C. Banner (State Bar No. 24059416)
>Valerie Barker (State Bar No. 24087141)
>SLAYDEN GRUBERT BEARD PLLC
>401 Congress Avenue, Suite 1650
>Austin, Texas, 78701
>+1 (512) 402-3569
>+1 (512) 402-6865
>facsimile bbanner@sgbfirm.com
>vbarker@sgbfirm.com

>*s/ Larry Golden*
>Larry Golden, Pro Se
>740 Woodruff Rd., #1102
>Greenville, South Carolina 29607
>E-mail: atpg-tech@charter.net
>(M) 864-992-7104



PME
GREENVILLE, SC 29616
JAN 05, 2026

76701

$33.40

RDC 07

S2324K504179-18

PRESS FIRMLY TO SEAL

 UNITED STATES POSTAL SERVICE®

PRIORITY MAIL EXPRESS®

EI 908 310 776 US

**CUSTOMER USE ONLY**
FROM: (PLEASE PRINT)   PHONE 864 288-5605

Larry Golden
740 Woodruff Rd.
#1102
Greenville, SC 29607

RECEIVED
JAN 07 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

**DELIVERY OPTIONS (Customer Use Only)**
☒ SIGNATURE REQUIRED
☐ No Saturday Delivery
☐ Sunday/Holiday Delivery Required

TO: (PLEASE PRINT)   PHONE ( )
United States District Court
Western District of Texas
Case No: 25-0434-LS
800 Franklin Ave., Room 380
Waco, TX

ZIP + 4® 76701-____

**PAYMENT BY ACCOUNT (if applicable)**

**ORIGIN (POSTAL SERVICE USE ONLY)**
☐ 1-Day  ☐ 2-Day  ☐ Military  ☐ DPO
PO ZIP Code: 29615
Scheduled Delivery Date: 1/9/26
Postage: $33.40
Date Accepted: 1/5/26
Scheduled Delivery Time: ☒ 6:00 PM
Time Accepted: 4:29 PM
Weight: 15 lb. 60 oz.
Acceptance Employee Initials: MN
Total Postage & Fees: $33.40

LABEL 11-B, MAY 2021   PSN 7690-02-000-9996

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 insurance included.

← PEEL FROM THIS CORNER


USPS.COM/PICKUP