IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| LARRY GOLDEN, <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC <br><br> Defendant. | Case No. 6:25-cv-00434-LS |

**REPLY IN SUPPORT OF DEFENDANT GOOGLE LLC'S
MOTION TO DISMISS AMENDED COMPLAINT**

## **TABLE OF CONTENTS**

*Page*

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.       The Court Should Rule on Google's Motion to Transfer Before This Motion . . . . . . . . . .1

II.      The Court Should Dismiss Counts I, II, and VII of Plaintiff's Complaint . . . . . . . . . . . . . 1

          A.      Res Judicata Bars Counts I, II, and VII . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

          B.      The *Kessler* Doctrine Bars Counts I, II, and VII . . . . . . . . . . . . . . . . . . . . . . . . . . 2

          C.      Counts I and II Fail to State a Claim of Joint Infringement . . . . . . . . . . . . . . . . . 3

          D.      Count VII Admits It Cannot State a Claim of Infringement . . . . . . . . . . . . . . . . .4

III.     The Court Should Dismiss Counts III through VI of Plaintiff's Complaint . . . . . . . . . . . 4

          A.      Counts IV Through VI Admit That Google Does Not Infringe . . . . . . . . . . . . . . 4

          B.      Count III Admits That Google Does Not Infringe . . . . . . . . . . . . . . . . . . . . . . . . 5

IV.     The Court Should Deny Leave to Amend . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

**TABLE OF AUTHORITIES**

*Cases*             *Page*

*In re Apple Inc.,*
    979 F.3d 1332 (Fed. Cir. 2020) .................................................................... 1

*Artesia Springs, LLC v. DS Waters of Am., Inc.,*
    No. 14-791, 2015 WL 12712643 (W.D. Tex. Jan. 13, 2015) ....................... 5

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ................................................................................ 1, 2

*Castillo v. Bank of Am., N.A.,*
    No. 11-1011, 2012 WL 13149017 (W.D. Tex. June 13, 2012) .................... 3

*In re Dallas Roadster, Ltd.,*
    846 F.3d 112 (5th Cir. 2017) ................................................................... 2, 3

*Def. Distrib. & Second Amend. Found., Inc. v. United States Dep't of State,*
    No. 18-637, 2023 WL 2544334 (W.D. Tex. Mar. 15, 2023) ....................... 3

*In re Enron Corp. Sec., Derivative & ERISA Litig.,*
    761 F. Supp. 2d 504 (S.D. Tex. 2011) ......................................................... 3

*Escamilla v. ADT, LLC,*
    No. 23-1037, 2024 WL 2807028 (W.D. Tex. May 30, 2024) ................. 2-5

*Fare Techs., LLC v. Uber Techs., Inc.,*
    No. 22-317, 2023 WL 2258334 (W.D. Tex. Feb. 27, 2023) ....................... 5

*Golden v. Google LLC,*
    No. 22-5246, 2024 WL 1880336 (N.D. Cal. Apr. 3, 2024) ......................... 2

*Golden v. Google LLC,*
    No. 22-5246, 2024 WL 2745904 (N.D. Cal. May 28, 2024) ...................... 2

*Golden v. Google LLC,*
    No. 24-2024, 2025 WL 1752485 (Fed. Cir. June 25, 2025) ....................... 2

*Lyda v. CBS Corp.,*
    838 F.3d 1331 (Fed. Cir. 2016) ................................................................... 3

*Magee v. Life Ins. Co. of N. Am.,*
    261 F. Supp. 2d 738 (S.D. Tex. 2003) ......................................................... 1

# **TABLE OF AUTHORITIES**
*(continued)*

*Cases* *Page*

*Pedigo v. Austin Rumba, Inc.,*
　No. 08-803, 2009 WL 10669869 (W.D. Tex. July 29, 2009) . . . . . . . . . . . . . . . . . . . . . . . 3

*Pervasive Software Inc. v. Lexware GmbH & Co. KG.,*
　688 F.3d 214 (5th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

*Redpoint Cnty. Mut. Ins. Co. v. Links Ins. Servs., LLC,*
　No. 24-13, 2025 WL 470931 (W.D. Tex. Feb. 12, 2025) . . . . . . . . . . . . . . . . . . . . 1, 3-5

*Sneed v. Austin Indep. Sch. Dist.,*
　487 F. Supp. 3d 584 (W.D. Tex. 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*Space Expl. Techs., Corp. v. Nat'l Lab. Rels. Bd.,*
　129 F.4th 906 (5th Cir. 2025) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Twin Vill. Mgmt., LLC v. Fed. Ins. Co.,*
　No. 22-1111, 2023 WL 4093404 (W.D. Tex. June 19, 2023) . . . . . . . . . . . . . . . . . . .1, 2

*Twin Vill. Mgmt., LLC v. Fed. Ins. Co.,*
　No. 22-1111, 2023 WL 4842452 (W.D. Tex. July 28, 2023) . . . . . . . . . . . . . . . . . . . 1, 2

*WSOU Invs. LLC v. ZTE Corp.,*
　No. 20-487, 2022 WL 479131 (W.D. Tex. Feb. 16, 2022) . . . . . . . . . . . . . . . . . . . . . . . 1

*Statutes*

35 U.S.C. § 271(g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**INTRODUCTION**

Google's motion to dismiss established that plaintiff's complaint does not state a claim. In response, plaintiff either submits information that is irrelevant or that the Court cannot properly consider on this motion, or both. Where plaintiff does address Google's arguments, his responses confirm that Google's points are correct. The Court should dismiss this action.

**ARGUMENT**

**I.    The Court Should Rule on Google's Motion to Transfer Before This Motion**

"[O]nce a party files a transfer motion, disposition of that motion should take top priority in the case." *In re Apple Inc.*, 979 F.3d 1332, 1343 (Fed. Cir. 2020); *see also, e.g., Space Expl. Techs., Corp. v. Nat'l Lab. Rels. Bd.*, 129 F.4th 906, 911 (5th Cir. 2025). This Court accordingly "prioritize[s] deciding transfer motions before reaching the merits of the case." *WSOU Invs. LLC v. ZTE Corp.*, No. 20-487, 2022 WL 479131, at *1 (W.D. Tex. Feb. 16, 2022). Google explained this principle in its motion to dismiss (Mot. § I), but plaintiff does not address it in his opposition, offering only unsupported and improper allegations of judicial bias that do not merit a response. Opp. at 22-23. "The 'failure to brief an argument in the district court waives that argument.'" *Redpoint Cnty. Mut. Ins. Co. v. Links Ins. Servs., LLC*, No. 24-13, 2025 WL 470931, at *3 (W.D. Tex. Feb. 12, 2025) (quoting *Magee v. Life Ins. Co. of N. Am.*, 261 F. Supp. 2d 738, 748 & n.10 (S.D. Tex. 2003)). Plaintiff has waived any right to contest this point.

**II.   The Court Should Dismiss Counts I, II, and VII of Plaintiff's Complaint**

Google's motion to dismiss explained that the Court should dismiss Counts I, II and VII of the amended complaint under res judicata, the *Kessler* doctrine, and for failure to claim joint infringement. Mot. §§ II. Plaintiff largely ignores these arguments; most of his opposition is spent "merely reciting the elements of [his] claims and reasserting the conclusory allegations in

– 1 –

[his] Complaint," which "cannot defeat a motion to dismiss under Rule 12(b)(6)." *Twin Vill. Mgmt., LLC v. Fed. Ins. Co.*, No. 22-1111, 2023 WL 4093404, at *3 (W.D. Tex. June 19, 2023) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), *R. & R. adopted*, 2023 WL 4842452 (W.D. Tex. July 28, 2023). Where plaintiff does engage with Google's motion, his arguments support dismissal here.

A. **Res Judicata Bars Counts I, II, and VII**

Although plaintiff previously contested the finality of the Northern District's judgment and thus application of res judicata, *see* Docket No. 16 at 1-2, his current opposition abandons that argument and agrees that, in the previous action, "Google got exactly what they asked for: a final decision." Opp. at 6. Instead of contesting the binding nature of the Northern District's judgment here, plaintiff now contests the meaning of that ruling, which he claims authorizes this action rather than prohibits it. Opp. at 2-6, 11-12. Plaintiff is incorrect. The Northern District found that plaintiff's "theories all require that the accused products be modified in some way for them to infringe on the patents-in-suit," and thus that plaintiff "fail[ed] to allege direct or indirect infringement." *Golden v. Google LLC*, No. 22-5246, 2024 WL 1880336, at *1 (N.D. Cal. Apr. 3, 2024), *reconsideration denied*, 2024 WL 2745904 (N.D. Cal. May 28, 2024), *aff'd*, No. 24-2024, 2025 WL 1752485 (Fed. Cir. June 25, 2025). Plaintiff quotes the first portion of this language, Opp. at 6, but ignores the second portion that closely follows it. Pretending the Northern District never said those words does not make it so. The prior judgment requires dismissal.

B. **The *Kessler* Doctrine Bars Counts I, II, and VII**

Plaintiff does not contest application of the *Kessler* doctrine, mentioning it only once in passing, and thus waives any opposition to its application here. "A party's failure to defend a claim in their response to a motion to dismiss constitutes abandonment." *Escamilla v. ADT, LLC*,

– 2 –

No. 23-1037, 2024 WL 2807028, at *3 (W.D. Tex. May 30, 2024) (citing *In re Dallas Roadster, Ltd.*, 846 F.3d 112, 126 (5th Cir. 2017)).  This Court can and will dismiss abandoned claims. *See, e.g.*, *Castillo v. Bank of Am., N.A.*, No. 11-1011, 2012 WL 13149017, at *12 (W.D. Tex. June 13, 2012); *Pedigo v. Austin Rumba, Inc.*, No. 08-803, 2009 WL 10669869, at *2 (W.D. Tex. July 29, 2009).  It should do so here.

   C. **Counts I and II Fail to State a Claim of Joint Infringement**

The asserted '619 and '287 patents include only system claims, and claims of joint infringement can apply only to method claims.  Mot. § II.C.  Although plaintiff previously acknowledged that these patents "include only system claims" (Docket No. 16 at 2), his current opposition simply ignores this issue, thus waiving it. *Escamilla*, 2024 WL 2807028, at *3; *Redpoint Cnty.*, 2025 WL 470931, at *3.

Even assuming the patents included method claims, plaintiff failed to plead that "the acts of one party are attributable to the other such that a single entity is responsible for the infringement." Mot. at 10 (quoting *Lyda v. CBS Corp.*, 838 F.3d 1331, 1338 (Fed. Cir. 2016)); *see* Mot. § II.C.  In his opposition, plaintiff submits on this point only an excerpt of a blog post. Opp. at 25-27.  Even assuming its truth, this blog post does not plausibly allege facts necessary to support joint infringement. *See* Mot. § II.C.  And it is too late anyway, as the blog post is not in the complaint.  "It is axiomatic that a complaint cannot be amended by briefs in opposition to a motion to dismiss." *Def. Distrib. & Second Amend. Found., Inc. v. United States Dep't of State*, No. 18-637, 2023 WL 2544334, at *5 (W.D. Tex. Mar. 15, 2023) (quoting *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 761 F. Supp. 2d 504, 566 (S.D. Tex. 2011)).  "[B]ecause new facts or claims made in response to a motion to dismiss to defeat the motion are not incorporated into the original pleadings, this court will consider only the factual allegations and claims made

in Plaintiff's" complaint.  *Sneed v. Austin Indep. Sch. Dist.*, 487 F. Supp. 3d 584, 594 (W.D. Tex. 2020).  Plaintiff's opposition confirms his failure to allege joint infringement.

        **D.**      **Count VII Admits It Cannot State a Claim of Infringement**

Count VII admits that it cannot state a claim of infringement, because it acknowledges that its alleged violation of 35 U.S.C. § 271(g) requires a claim of infringement by importing "products, which are made by Plaintiff's process patented in the United States" (Am. Compl. at 36 ¶ 57), but asserts only system claims (*id*. Exs. D, E) against aspects of a manufactured product, and not methods of actually making or creating a product.  *See* Mot. § II.D.  Against these arguments plaintiff offers only irrelevancies:  a discussion of his recent complaint against Samsung in this Court (Opp. at 7-9), and general discussions of § 271(g) that do not address Google's motion or explain how plaintiff can claim infringement under § 271(g).  Opp. at 9-11, 24-25.  The Court should dismiss Count VII for this reason as well.

**III.**    **The Court Should Dismiss Counts III through VI of Plaintiff's Complaint**

        **A.**      **Counts IV Through VI Admit That Google Does Not Infringe**

As Google detailed in its motion to dismiss, the amended complaint admitted that Counts IV through VI accused only non-party Waymo LLC, and thus could not stand against defendant Google LLC.  Mot. § III.A.  Mr. Golden does not respond to this argument at all and, except for a glancing reference at the conclusion, does not mention these claims in his opposition at all.  *See* Opp. at 29; *see generally id.*  Again, Mr. Golden's failure to defend these claims in "response to a motion to dismiss constitutes abandonment." *Escamilla,* 2024 WL 2807028 at *3; *see also Redpoint Cnty.*, 2025 WL 470931, at *3.  The Court should dismiss these claims.

– 4 –

### B.  Count III Admits That Google Does Not Infringe

Google's motion to dismiss explained that Count III "fail[ed] to allege joint infringement for the same reasons as Claims I and II," and further "fail[ed] to allege direct infringement" by admitting that Google does not infringe.  Mot. § III.B.  Again, Mr. Golden does not respond to or mention this argument, except for a glancing reference at the conclusion of his opposition which does not address Google's points.  *See* Opp. at 29; *see generally id.*  Again, Mr. Golden's failure to defend this claim in "response to a motion to dismiss constitutes abandonment." *Escamilla,* 2024 WL 2807028 at *3; *see also Redpoint Cnty.*, 2025 WL 470931, at *3.

### IV.  The Court Should Deny Leave to Amend

The Court has "sound discretion" to "grant or deny leave to amend" the amended complaint.  *Artesia Springs, LLC v. DS Waters of Am., Inc.*, No. 14-791, 2015 WL 12712643, at *5 (W.D. Tex. Jan. 13, 2015) (quoting *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 232 (5th Cir. 2012)).  As Google explained in its motion, the Court should exercise its discretion to deny leave to amend here.  Mot. § IV.  Plaintiff did not respond to this argument, conceding it.  *Escamilla,* 2024 WL 2807028 at *3; *Redpoint Cnty.*, 2025 WL 470931, at *3. Plaintiff's "failure to respond waived any opposition to Defendant's request for dismissal without leave to amend," and so his "complaint should be dismissed without leave to amend." *Fare Techs., LLC v. Uber Techs., Inc.*, No. 22-317, 2023 WL 2258334, at *3 (W.D. Tex. Feb. 27, 2023).  The Court should deny plaintiff further leave to amend the amended complaint.

**CONCLUSION**

For the foregoing reasons and for the reasons set forth in Google's motion, Google respectfully requests that the Court dismiss this action, and deny plaintiff further leave to amend the amended complaint.

Date:  January 21, 2026

Respectfully submitted,

*/s/ Brian C. Banner*
Brian C. Banner (State Bar No. 24059416)
Valerie K. Barker (State Bar No. 24087141)
SLAYDEN GRUBERT BEARD PLLC
401 Congress Avenue, Suite 1650
Austin, Texas, 78701
+1 (512) 402-3550
+1 (512) 402-6865 facsimile
bbanner@sgbfirm.com
vbarker@sgbfirm.com

Matthew S. Warren
Erika Warren
DeMarcus Williams
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-434@cases.warrenllp.com

*Attorneys for Defendant Google LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 21, 2026, I served the foregoing Reply in Support of Defendant Google LLC's Motion to Dismiss Amended Complaint on the plaintiff Larry Golden by First Class Mail at the following address:

> Larry Golden
> 740 Woodruff Road, No. 1102
> Greenville, South Carolina, 29607

by placing it in a sealed envelope with postage paid and placing the envelope in the exclusive custody of the United States Postal Service.

On the same day, I also sent a courtesy copy of this document by electronic mail to Mr. Golden at atpg-tech@charter.net.

_____
Kailey Fung